J. A. CONANT and wife v. W. W. BARNARD, Trustee, et al.

*Practice—Demurrer.*

1. Where all the defendants join in a demurrer to the complaint, upon the ground that it does not set forth a good cause of action, the demurrer will be overruled if the complaint sets forth a good cause of action as to *any one* of the defendants.

2. The same defendants may demur to one and answer as to another of two or more causes of action in one complaint; or, as to a single cause of action, some defendants may answer and some may demur, and the issues of law will, in either event, be so raised as to require the Court to pass upon them.

CIVIL ACTION, tried before *Boykin, J.,* at August Term, 1888, of BUNCOMBE Superior Court.

The plaintiffs in this action were J. A. Conant and his wife Genevieve R. Conant; the defendants were T. I. Van Gilder and his wife, W. W. Barnard, trustee under two deeds of trust made to him by said Van Gilder and his wife, and the *cestui que trust* named in said deeds of trust to Barnard.

The complaint alleged, in substance, that the defendant T. I. Van Gilder had agreed to borrow of the plaintiff Genevieve R. Conant fifteen thousand dollars, and to secure the same by a conveyance of certain real estate (particularly

described in the complaint) to her husband and co-plaintiff
J. A. Conant in trust to sell, &c., in case of default in pay-
ment of the amount to be borrowed.

That the money was lent and a deed of trust was execu-
ted to G. R. Conant by said Van Gilder and his wife, whereby
a part only of the property agreed to be conveyed was actu-
ally conveyed, the most valuable part of such property being
left out of the deed through the mutual mistake of all par-
ties to such deed, and by reason of the ignorance and unskill-
fulness of the draughtsman, the deed, through a like mistake,
&c., was made to G. R. Conant instead of to J. A. Conant, as
it was agreed it should be, and recited and purported to
secure an indebtedness to J A. Conant instead of to G. R.
Conant, as it should have done. The deed thus drawn was
duly probated and recorded.

That thereafter the defendant Van Gilder and his wife
made two other deeds of trust to the defendant Barnard for
the purpose of securing a number of debts owing by said T.
I. Van Gilder, as an individual and as a member of a copart-
nership, to a number of persons mentioned in the deeds of
trust (all of whom were made parties defendant in this
action), said deeds of trust to Barnard being made for no
other purpose and upon no other consideration than the
securing of such debts, and without payment to the said T.
I. Van Gilder and his wife, or either of them, of any other
consideration by said Barnard or any other person. These
deeds of trust to Barnard embraced all the land which said
Van Gilder had agreed to convey to J. A. Conant, as well as
that actually conveyed to said G. R. Conant. Both these
deeds of trust to Barnard were duly probated and recorded,
and all the debts thereby secured were contracted and exist-
ing before such deeds were executed.

That at the time these deeds of trust were made by Van
Gilder and wife to Barnard the said Barnard and some of
the *cestui que trusts* (naming certain of them) had notice of

said agreement on the part of Genevieve R. Conant to lend fifteen thousand dollars to T. I. Van Gilder, to be secured by deed of trust upon the lands so agreed to be conveyed, and had actual notice that said loan had been so made and a deed of trust made by Van Gilder and wife to G. R. Conant to secure the same, and that said deed was by all the parties thereto believed to comply entirely with said agreement, and to embrace all said lands so agreed to be conveyed.

The plaintiff's demanded judgment that the deed of trust to G. R. Conant be amended, corrected and reformed so as to conform to the agreements and understandings between the parties thereto, and that it be declared a first lien on all the land which should have been embraced in it, and to have priority and precedence over said conveyances to Barnard, and for other and further relief, &c.

All the defendants joined in the following demurrer to the complaint:

"Defendants demur to the plaintiffs' complaint, and, for cause of demurrer, show:

"That said complaint does not state facts sufficient to constitute a cause of action, in that—

" 1. It appears upon the said complaint that the two deeds to W. W. Barnard, and the declarations of trusts by him, were duly executed and registered, and defendants thereby acquired vested rights, of which equity will not deprive them at the instance of the plaintiffs, who are also creditors of the common debtor.

" 2. It appears upon the complaint, that at the date of the execution and registration of the two deeds to W. W. Barnard, and of the declaration of trust by him, there was no incumbrance upon the land therein conveyed except that portion thereof described in plaintiffs' deed in trust, and that defendants, by their registration, as creditors, acquired a first lien upon said land other than that described in plaintiffs' deed in trust.

" 3. It appears from the complaint that the fact, as to what land was intended to be conveyed in plaintiffs' deed in trust, was well known to all the parties to the transaction, and also as to who should be trustee and who *cestui que trust* therein, and it was plaintiffs' negligence that they did not have the deed in trust so drawn, and is not such a mistake as equity will relieve against, especially where, by so doing, it would deprive the defendants, who are creditors, of vested rights subsequently acquired.

" 4. It appears upon the complaint that plaintiffs accepted the deed in trust as it was drawn, and caused the same to be regi-tered, and that defendants have acquired legal rights by their registration. And equity will not now deprive defendants of their right by putting in the plaintiffs' deed in trust land not conveyed therein, and upon which defendants have acquired rights and liens to secure their debts.

" 5. That the complaint does not allege that some of defendant creditors had notice of the mistake sought to be corrected."

There was judgment that the demurrer be overruled and that the defendants have leave to answer. Thereupon, defendants appealed.

*Mr. F. A. Sondley*, for the plaintiffs.
*Messrs. W. W. Jones, Theo. F. Davidson* and *Chas. A. Moore*, for the defendants.

AVERY, J. The complaint states facts sufficient to constitute a cause of action as to T. I. Van Gilder. Counsel for all parties represented in this Court concede that this is true. When the defendants united in a demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action, they all placed themselves in the same boat, and must sink or swim together. The current of authority is in favor of this just and salutary rule of plead-

ing, where the new system has been adopted. " A demurrer by two or more, if there is a cause of action against one of them, will be overruled." Bliss on Code Pl., sec. 414 and note. This view is supported by other authorities. Tillinghast & Sherman's Pr., vol. 2, p. 127; *McGenegland* v. *Cutten*, 32 Wis., 614; *Shore* v. *Taylor*, 46 Ind., 343; Whitaker's Pr., vol. 2, p. 169; *People* v. *The Mayor*, 28 Barb., 240; *Goncelier* v. *Furet*, 4 Minn., 1; *Christian* v. *Crocker*, 25 Ark., 327; *Peabody* v. *Insurance Co.*, 20 Barb., 339.

Pomeroy, in his work on Remedies and Remedial Rights, distinctly states the rule that, " where a demurrer is filed to several causes of action, or to more than one defence, on the ground that no cause of action or no defence is stated, if there is one good cause of action in the one case, or one sufficient defence in the other, the demurrer must be overruled."

The author adds, in that connection, "the same rule also applies to a demurrer for want of sufficient facts by two or more defendants jointly ; it will *be overruled as to all who unite in it*, if the complaint or petition *states a good cause of action against even one of them*." Section 577.

The author adds that a different rule has prevailed in some States, but cites only a case from Nevada sustaining the view that the demurrer may, in such cases, be sustained as to some and overruled as to others of the parties uniting in it.

This rule seems to have prevailed in courts of equity under the former practice. The defence that a bill did not state facts sufficient to constitute a cause of action was set up in a court of equity by a demurrer for want of equity to the whole bill. Under the practice that prevailed in the courts of equity in this State, where a defendant filed a demurrer to the whole bill, and the bill showed the plaintiff's right to any relief, if true, the demurrer was overruled, " for," said the Court, " it cannot be held bad in part and good in part." *Thompson* v. *Newlin*, 3 Ired. Eq., 338. In

*Barnawell and wife* v. *Patrick Threadgill et al.*, 5 Ired. Eq., 86, the suit was brought against six defendants, all of whom joined in the demurrer. Chief Justice RUFFIN, for the Court, says : " We say the demurrer must be overruled at all events, because enough appears to entitle the plaintiff, if true, to a decree as to the several negroes conveyed or sold to Thomas and Gideon B. Threadgill; and, therefore, this joint demurrer of the defendants to the whole bill (except the formal charge of combination) will not lie. For it is the general rule, that a demurrer must be good throughout, and that if it cover too much it must be overruled *in toto*." The demurrer on the ground that a complaint does not constitute facts sufficient to constitute a cause of action " is a substitute for the old general demurrer, and is still generally called a general demurrer." Bliss on Code Pl., sec. 413.

The general rule seems to be that *The Code* practice rejects pleadings at law, and adopts those in equity by demurrer and answer. *Ransom* v. *McCless*, 64 N. C., 17. But the practice is of course modified by express provisions of *The Code*, not declaratory of any rule formally followed in either Court.

In *Cowand* v. *Meyers*, 99 N. C., 198, this Court reiterates the principle that, if there is only one cause of action stated in the complaint, " a demurrer must be to it as a unity or it will be disregarded." This construction of *The Code* (§ 246) proceeds upon the same principle on which it has been held, in affirmance of the old practice, that one who demurs on the ground that the complaint does not state facts sufficient to constitute a cause of action, must fail, if it appear either that the cause of action is sufficient as to one of many defendants, joining in the demurrer, or that one of several causes of actions, embodied in the complaint, is sufficient as to one or more of those joining in the demurrer. The same defendants may demur, on this ground, to one and answer as to another of two or more causes of action in one complaint, or as to a single cause of action some defendants may

answer and some may demur, and the issues of law will, in either Court, be so raised as to require the Court to pass upon them.

The plaintiff cannot recover a sum in excess of that demanded in the complaint without amendment. Apart from this restriction, any relief may be granted consistent with the case made by the complaint and embraced within the issue. *Jones* v. *Mial*, 82 N. C., 252. As the complaint, uncontradicted, would entitle the plaintiff to judgment against Van Gilder, we deem it unnecessary to decide the points discussed in the briefs of counsel, and it would not be proper to do so after cutting short the discussion, by a suggestion that the cause, as now constituted in this Court, must depend upon the single question, whether the complaint, if admitted by Van Gilder, would entitle the plaintiff to judgment against him. There is no error. The judgment is affirmed.

No error.                                        Affirmed.