W. T. CAHO v. NORFOLK AND SOUTHERN RAILWAY
COMPANY et al.

(Filed 4 March, 1908).

1. Pleadings—Joint Demurrer—Cause of Action Against One Defendant.

When two defendants join in a demurrer to the complaint, and a good cause of action is stated as to one of them, the demurrer will be overruled.

2. Corporations—Sued by Officer—Services—Quantum Meruit—Express Promise.

An officer of a corporation cannot sue his company upon *quantum meruit* for services rendered. In order to sustain an action he must prove an express promise.

3. Same—Resolution by Directors—Nudum Pactum.

A resolution of a board of directors authorizing payment to an officer of the corporation for past services, unsupported by a promise to pay for them before they were rendered, is *nudum pactum*, and will not support an action for recovery.

4. Corporations—Sued by Officer—Services—Promise of Stockholders Enforceable—Fraud.

The express promise of the stockholders to pay a stipulated price to one to perform services as president and attorney is valid, binding and enforceable upon the corporation, when not in fraud of the rights of creditors.

CIVIL ACTION, heard upon demurrer to complaint, by *Lyon, J.,* at Fall Term, 1907, of the Superior Court of PAMLICO County.

Plaintiff alleged the incorporation of the several defendants; that plaintiff, at request of the defendant Pamlico, Oriental and Western Railroad Company, procured a charter for said company and organized said company, and rendered services and expended money in said organization for said company, for which the said Pamlico, Oriental and Western Railroad Company promised to pay plaintiff the sum of $551.25; that said Pamlico, Oriental and Western Railroad Company has paid plaintiff on said account the sum of $485, leaving as balance due and owing to plaintiff on said account

the sum of $66.25, which said defendant promised and agreed to pay to the plaintiff; that said defendant Pamlico, Oriental and Western Railroad Company has not paid the sum of $66.25, although often demanded by the plaintiff; that he rendered service to defendant Pamlico, Oriental and Western Railroad Company, as attorney and president, at request of said company, and expended money in advertising for said company to the amount of $8,855.25, which the said defendant Pamlico, Oriental and Western Railroad Company promised and agreed to pay to the plaintiff; that plaintiff has received on said account the sum of $165, leaving a balance due and unpaid and owing to plaintiff in the sum of $8,690.25, which defendants promised and agreed to pay; that the defendants have not paid the said account, although often demanded by the plaintiff; that on 27 February, 1906, the directors of the said Pamlico, Oriental and Western Railroad Company met at New Bern, N. C., pursuant to a regular call, and adopted a resolution approving and allowing said claim, as set out in plaintiff's cause of action, and promised to pay the same, a copy of which is hereunto annexed, marked "Exhibit A," and referred to and made a part of the complaint; that the defendant Virginia and Carolina Coast Railroad Company purchased all the rights, privileges, franchises and assets of every nature of the said defendant Pamlico, Oriental and Western Railroad Company, and assumed all the liabilities of the said defendant Pamlico, Oriental and Western Railroad Company, including the claim of the plaintiff, as above set forth; that on or about .... December, 1906, the defendant Norfolk and Southern Railway Company, by merger with its codefendant, Pamlico, Oriental and Western Railroad Company, and with the Virginia and Carolina Coast Railroad Company, assumed all the liabilities of said Pamlico, Oriental and Western Railroad Company and said Virginia and Carolina Coast Railroad Company, including the claims and demands of plaintiff, as above set forth, as plaintiff is informed

and believes, as it appears from the letter hereunto annexed, marked "Exhibit B," and made a part of the complaint.

For a second cause of action plaintiff complains and alleges "that he rendered services to defendant Pamlico, Oriental and Western Railroad Company, as attorney and president, at request of said company, from 20 April, 1905, to 8 May, 1906, for which services the said company is indebted to the plaintiff in the sum of $1,069.50, which the said defendant, the Pamlico, Oriental and Western Railroad Company, promised and agreed to pay to the plaintiff; that the defendants have not paid the said account, although often demanded by the plaintiff."

Attached to the complaint is a copy of the proceedings of the board of directors of the Pamlico, Oriental and Western Railroad Company:

"February 27, 1906. Pursuant to the call of the president, the board, etc., met and was called to order by the president, W. T. Caho. The following directors were present: W. T. Caho, D. H. Hooker, etc. The president called D. H. Hooker to the chair and retired. W. T. Caho presented his account to the board and, on motion, the account was filed with the secretary. * * * On motion of C. M. Babbitt, the following account of W. T. Caho, president of the P., O. & W. R. R. Co., was allowed, to-wit."

The account consists of a number of items, such as services rendered in procuring charter, 9 March, 1891, $500; credit by amount paid by charter members, $235; by shares of stock to be issued, at $10 a share, $250; to advertising meeting to organize, $350; other items for advertising meeting for organization, aggregating about $50. On 30 September, 1891, a balance was struck, showing amount due plaintiff, $66.25. It is stated that this amount is due "up to and including organization." On 18 June, 1892, a charge was made for "salary and fees as president from June, 1891, to June, 1892, $500." A similar charge was made on 18 June of each year,

up to and including 18 June, 1901.   On 18 June, 1902, 1903 and 1904, was a charge of $900 annually for "salary and fees as president."   On 20 April, 1905, a charge was made of $1,000 "for salary and fees as president, including incidental expenses to date from 18 June, 1904."   Two items were charged—18 June, 1903, and 18 June, 1904—"to advertising bond election in Bayboro *Sentinel,* $57.50 and $31.50." Credits were given in 1904 and 1905 for amounts paid by Cullen Construction Company and J. A. Bryan, aggregating $165, leaving a balance due of $8,690.25.   This is in addition to the amount demanded on account of the second cause of action.

Defendants joined in a demurrer, the grounds of which are set forth in the opinion.   Demurrer was overruled.   Defendants excepted and appealed.

*W. D. McIver* and *D. L. Ward* for plaintiff.
*L. J. Moore* for defendants.

CONNOR, J., after stating the case: The defendants having joined in the demurrer, if the complaint states a cause of action against either of them, it must be overruled.   *Conant v. Barnard,* 103 N. C., 315; *Blackmore v. Winders,* 144 N. C., 212.   If, therefore, a cause of action is stated against the Pamlico, Oriental and Western Railroad Company, we may not inquire whether any is stated against its codefendants who joined in the demurrer, but must adjudge that they answer over.   It is proper to say that no ground of demurrer is stated which does not apply to all of the defendants.   Is any cause of action stated against the Pamlico, Oriental and Western Railroad Company?   While a number of grounds of demurrer are set forth, they all involve the same objection— that no cause of action is stated, for that there is no averment that any salary was affixed to the office of president prior to 27 February, 1906.   The authorities cited by counsel for defendants amply sustain his contention that, in the absence

of an express promise, made prior to the performance of the service, an officer of a corporation cannot maintain an action for compensation—that he cannot sue upon a *quantum meruit.* "An officer has no right to compensation for services except by express agreement preceding the services rendered." It is said: "Officers of modern business corporations are usually awarded a salary, either by express provision of the charter or by-laws of the corporation or by resolution of the board of directors. In such cases they are, of course, entitled to recover the compensation so fixed or agreed upon." 21 Am. and Eng. Enc., 906. "An agreement by the board of directors to pay an officer or director for past services, where there was no prior agreement to that effect, is without consideration and is not binding on the corporation. But where there was a prior agreement for compensation, a vote of the directors, after the services were rendered, to pay for the same is valid and binding." *Ib.,* 908 ; 10 Cyc., 921.

"Where official or other services are rendered to the corporation upon the previous understanding that compensation is to be paid therefor, it may be recovered upon the implied promise; but, on the contrary, if there be no such previous promise made by the stockholders or directors at any authorized meeting, any undertaking of the directors or stockholders to pay for such past services is without consideration and void." 2 Beach Priv. Corp., sec. 722 ; *Martindale v. Wilson-Cass Co.,* 134 Pa. St., 348 (19 Am. St. Rep., 706) ; Womack Priv. Corp., 472. The authorities are uniform. If the law were otherwise, stockholders and creditors of corporations would have no protection against confiscation of the corporate property by reckless extravagance or corrupt combination of officers and directors to impose debts and liabilities for past services. A stockholder would never be able to know the value of his stock, or a creditor the amount of debts for which the corporation is liable. Where power is conferred by the charter upon directors to elect officers and fix their salaries, the power must

be exercised at the same time and not left open for future adjustment. It is but just to all persons concerned that the expenses incident to operating the business of the corporation, so far as salaries are concerned, shall be fixed and made a matter of record. This complaint presents a striking illustration of the wisdom of the law.

Without questioning the motives of anyone, it is manifest that the value of the corporate property will be greatly lessened by fixing upon it nearly $10,000 for "salary and fees" to the president, running through a period of fourteen years. The difficulty which confronts the defendants is that the plaintiff alleges that the services were rendered and the amounts expended at the request of the corporation, and that it expressly promised and agreed to pay the amount. The cause of action is upon an express contract and promise made, not by the directors, but by the corporation. If, as alleged, the company—the stockholders—requested the plaintiff to render the service as president and attorney, and promised to pay the specific amount named, we cannot see any good reason why he may not recover. The contract is not *ultra vires*. While it is true that an officer of a corporation cannot charge for extra services, except upon an express promise preceding their rendition, we can see no reason, unless a fraud upon creditors, why the stockholders, by a unanimous vote, may not make such a contract as plaintiff sets out. However imprudent it may be, if all of the parties interested make the contract, the court may not refuse to enforce it. The plaintiff's cause of action receives no force or validity from the action of the board of directors on 27 February, 1906. If the company was liable, as alleged, by reason of a previous request and express promise to pay, it required no action by the directors to "approve and allow" the claim. If there was no such request and promise, the action of the board is without consideration and void.

The demurrer must be overruled and the defendants answer over. The judgment of his Honor is
Affirmed.