L. H. AND L. B. HIPP v. T. E. FARRELL.

(Filed 6 October, 1915.)

**1. Negligence—Tort Feasors—Joinder—Parties—Demurrer.**

The wrongful acts of two or more persons concurring in producing a single injury, with or without concert between them, may constitute joint tort feasors of the persons so acting, and they, as a rule, may be sued jointly or together, at the election of the plaintiff; and wherein the plaintiff, by proper allegation, has pursued the latter course, and a cause of action is stated against either of the defendants, a joint demurrer filed to the complaint is bad.

**2. Public Officers—Judicial and Discretionary Powers—Corruption—Malice—Allegation—Proof.**

Public officers are not personally liable to persons specially injured by their acts done in the exercise of judicial or discretionary powers con-

ferred on them by statute, unless it is alleged and shown that in doing the acts complained of they did so corruptly and with malice.

**3. Roads and Highways—Commissioners—Ministerial Duties—Negligence—Individual Liability—Pleadings—Demurrer.**

Public officers are held to an individual liability in the negligent performance of or negligent omission to perform a purely ministerial duty, to a person specially injured thereby, when the means to do so are available and when it does not involve the exercise of a discretionary or judicial power conferred upon them by statute; and the demurrer to the complaint in an action against the individual members of a highway commission, alleging injury to the plaintiff solely by a defective approach to a bridge over a stream on a public highway in their charge, with ample previous notice of the defect causing the injury, that it was under the official control of the defendants, and that they had available means for repairing the defect alleged, is bad, it not being required that the plaintiff allege or show the act complained of was done "corruptly or with malice."

**4. Same—County Bridges—Judicial Notice.**

In this action to recover damages of the individual members of a highway commission, alleged to be caused by its negligent failure to keep the approach to a stream in proper repair, as to whether the court will take judicial notice that the bridge is a county bridge, and under the care and control of the county commissioners, Revisal, sections 2696 and 29, *quœre.* But the allegations of the complaint being sufficient that the bridge was under the sole care and control of the defendants, the question is not decided, and the demurrer is held to be bad.

APPEAL by defendants from *Bond, J.,* Spring Term, 1915, from LEE.

Civil action pending in Superior Court of Lee County, heard on demurrer and by consent of parties at Pittsboro, Chatham County, on 15 May, 1915. The actions were instituted against the defendants as individuals for an alleged breach of duty on their part as members of the highway commission of Lee County and R. P. Coble as superintendent of said county, holding their offices under ch. 586, Local Laws of 1911, for breach of duty on their part, in that, having means available for the purpose, they knowingly, negligently and carelessly failed to repair the wooden approaches to a certain bridge in Lee County, whereby plaintiff, in attempting to drive his team over said bridge, and by the falling in of the same, received severe injuries to his person and to his property. No. 141 having been instituted for recovery of damage done to the team and No. 142 for injuries to the person, the question of liability in each being dependent on the same state of facts and set forth in the complaint as follows: Sections 1 and 2 of the complaint allege the positions held by defendants under ch. 586, Public-Local Laws 1911, R. P. Coble as superintendent and the others as members of the highway commission. In sections 4 and 5 the facts relevant to the alleged liability are set forth as follows:

"4. That the defendants, in violation of the duties and obligations imposed upon them by law, knowingly, negligently and carelessly allowed

the approach on the Sanford side of the Lockville bridge in said Lee County to be and remain out of repair, unsafe, and in a condition dangerous to those using the bridge for a space of over fifty-two days prior to and including 17 November, 1914, during all of which said time the timbers and joists of said approach were in a rotten, weak and dangerous condition; that on 6 October, 1914, the defendants, while in a meeting assembled at Sanford, N. C., were duly and formally advised and notified by citizens of Lee County that the condition of the said bridge and approach was as hereinbefore set forth; that the defendants negligently and carelessly failed and omitted to have same repaired until after the date upon which the plaintiff sustained the damage and injuries hereinafter described, although defendants had during said times means and resources wherewith to repair and render safe the said bridge and approach. That the said Lockville bridge, spanning Deep River, and the approach thereto, is a part of the public road or highway in Lee County, known as the Raleigh and Fayetteville road, and as such was at said time under the exclusive care and control of defendants; that the approach to said bridge, upon the Sanford side of Deep River, was an elevated wooden gangway or bridge, which began about fifty feet from the bridge proper, and at its junction with the bridge was elevated about fifteen feet above the ground.

"5. That on or about 27 November, 1914, plaintiff, while lawfully using the highway above referred to, drove a wagon, upon which was loaded about a cord of oak wood, and drawn by two mules, on and upon the approach to Lockville bridge, upon the Sanford side thereof, with the intention of crossing; that the plaintiff was seen upon said wagon, driving in a careful and prudent manner; that just as the front feet of said mules reached the bridge proper, one of the joists or sleepers which supported said approach broke, and that part of said approach upon which said wagon was standing collapsed and the wagon upon which the plaintiff was riding fell a distance of fourteen and one-half feet to the ground, and the said mules were drawn backward with said wagon and fell through the opening, and one of said mules fell upon and across plaintiff, pinning him down so he could not free himself, whereby plaintiff was crushed, bruised and seriously and painfully hurt and injured about the legs, thighs and back, all of which was caused solely and entirely by the negligence of defendants in allowing said bridge and approach to be and remain out of repair and in an unsafe condition, as aforesaid."

Section 6 states the extent of the injury as claimed in the one case to the person of plaintiff and the other to the wagon and team.

The defendant, in apt time, filed a written demurrer to the complaint in terms as follows:

"The defendants demur to the complaint upon the following grounds:

"1. For that there is a defect of parties in that there is no community of interest amongst the said defendants with respect to the alleged cause of action.

"2. For that several causes of action have been improperly united in that there is no community of interest amongst the defendants with respect to the cause or causes of action set up in the complaint.

"3. For that the complaint does not state facts sufficient to constitute a cause of action in that the complaint does not state that the defendants in the various acts and omissions with which they are charged have acted other than negligently."

On the hearing the defendants, in addition, moved *ore tenus,* to dismiss the action as to R. P. Coble, for that no cause of action was stated against him. And also the other defendants so moved to dismiss the action as to them. The court overruled both the demurrer and the motions made, and defendants, having duly excepted, appealed.

*Clarkson & Taliaferro for plaintiff, in both cases.*
*A. A. F. Seawell for defendants, in both cases.*

HOKE, J., after stating the case: Authority here and elsewhere is to the effect that where the wrongful acts of two or more persons concur in producing a single injury, and with or without concert between them, they may be treated as joint tort feasors, and, as a rule, sued separately or together, at the election of the plaintiff. *Hough v. R. R.,* 144 N. C., 692; *Clark v. Guano Co.,* 38 Cyc., pp. 488 *et seq.* The only case with us which tends to impose any restriction on the position is that of *Guthrie v. Durham,* 168 N. C., p. 573, where, on a question of primary and secondary liability of joint tort feasors, it was held that, *on application* of the *defendants,* the person primarily liable should be made party, the policy and purpose of our present Code of Procedure requiring that every feature of a given controversy should be settled in one action as far as consistent with the orderly and efficient administration of justice. Again, it is held with us that, where two or more are sued as jointly responsible for a wrong, a joint demurrer filed will be held bad if a cause of action is stated against either of the defendants. *Caho v. R. R.,* 147 N. C., p. 20. It would seem, therefore, that the first and second grounds, as stated in the written demurrer, cannot be sustained.

Recurring, then, to the third position of the written demurrer, and as presented by the motion to dismiss, *ore tenus,* it is recognized in this State, supported, we think, by the weight of well considered authority in other jurisdictions, that one who holds a public office, administrative in character, and in reference to an act clearly ministerial, may

be held individually liable, in a civil action, to one who has received
special injuries in consequence of his failure to perform or negligence
in the performance of his official duty, and it is very generally held
that a failure to keep in repair the public highway or bridges, when
the duty is plain and the means for the purpose available, should be
construed as a breach of a ministerial duty, rendering the offender lia-
ble within the meaning of the principle. *Hathaway v. Hinton,* 46 N. C.,
243; *Hoover v. Barkoof,* 44 N. Y., 113; *Robertson v. Chamberlain,*
34 N. Y., 389; *Doeg v. Cook,* 126 Cal., p. 213; *Adsit v. Brady,* 4 N. Y.
(Hill), p. 630; *Robinson v. Rohr,* 73 Wisconsin, 436; *Commissioners v.
Blackburn,* 105 Md., 226; *Smith v. Zimmer,* 48 Montana, 332; Throop
on Public Offices, sec. 737; 2 Elliott on Roads and Streets, sec. 858.
The position referred to is all the more insistent with us for having held,
in *White v. Commissioners,* 90 N. C., and other cases, that the county,
as a municipality, cannot be held liable, unless expressly made so by
statute. If the county officials, guilty of a breach of a plain ministerial
duty, are not liable as individuals, the greatest wrong could be perpe-
trated and the citizen left without any adequate redress. The doc-
trine, as applied to the facts of this case, will be found very well stated
and sustained in the California decision, as follows, *Henshaw, J.,* deliv-
ering the opinion:

"It is first insisted in support of the demurrer—and this may be said
to be the principal question in the case—that the complaint states no
cause of action, because an action will not lie against public officers such
as these for injuries resulting from their mere negligent omission. It
is well settled in this State that generally an action will not lie against
a municipal corporation for the misfeasance, malfeasance, or nonfea-
sance of its officers. *Huffman v. San Joaquin Co.,* 21 Cal., 426; *Win-
bigler v. Los Angeles,* 45 Cal., 36; *Chope v. Eureka,* 78 Cal., 588, 12
Amer. St. Rep., 113; *Arnold v. San José,* 81 Cal., 618; and if the posi-
tion of respondent is sound upon this contention, it must result that an
injured party under circumstances such as these has no redress what-
soever."

Upon the question thus presented it must at once be conceded that
there is a conflict in authority, but the very decided trend of modern
decision is to hold such officers liable for acts of nonfeasance, or for the
negligent performance of a duty when the duty is plain, when the
means and ability to perform it are shown, and when its performance
or nonperformance, or the manner of its performance, involves no ques-
tion of discretion. In short, where the duty is plain and certain, if it be
negligently performed, or not performed at all, the officer is liable at
the suit of a private individual especially injured thereby. Shearman and
Redfield on Negligence (3 Ed.), sec. 156, thus state the rule: "The

liability of a public officer to an individual for his negligent acts or omissions in the discharge of an official duty depends altogether upon the nature of the duty to whch the neglect is alleged. Where his duty is absolute, certain, and imperative, involving merely the execution of a set task—in other words, is simply ministerial—he is liable in damages to any one specially injured, either by his omitting to perform the task, or by performing it negligently or unskillfully. On the other hand, where his powers are discretionary, to be exerted or withheld according to his own judgment as to what is necessary or proper, he is not liable to any private person for neglect to exercise those powers, nor for the consequence of a lawful exercise of them where no corruption or malice can be imputed, and he keeps within the scope of his authority." In *Robinson v. Chamberlain,* 34 N. Y., 389, 90 Am. Dec., 713, the question is considered at length and many cases reviewed. It is there said: "In *Adsit v. Brady,* 4 Hill, 630, 40 Am. Dec., 305, the broad rule is laid down that 'when an individual sustains an injury by the malfeasance or nonfeasance of a public officer, who acts or omits to act contrary to duty, the law gives redress to the injured party by an action adapted to the nature of the case.' This is a helpful rule, sound entirely in public policy, if as a rule of law it can be questioned. As a rule of law, as there applied, it has stood for nearly a quarter of a century, and I think should continue." Without further quotation of authorities upon the question, it will be sufficient to refer to the instructive note to *County Commissioners v. Duckett,* 83 Am. Dec., 557, where the liability of road officials for negligence in repairing and maintaining public highways is elaborately considered, and to Wharton on Negligence, secs. 285, 286, and Elliott on Roads and Streets, 506.

It is otherwise in the case of judicial officers and also of administrative officers when engaged in official acts involving the exercise of judgment and discretion, in which case they are sometimes termed *quasi-*judicial. The principle governing in these cases is that they cannot be held responsible unless it is alleged and proved that they acted "corruptly or with malice," a position approved by the Court in the recent case of *Templeton v. Beard,* to which we were cited by defendant's counsel. In that case plaintiff sued the county commissioners of Rowan County as individuals, alleging that she had received great damage in attempting to cross at a dangerous ford in said county, the complaint being that the commissioners had negligently failed to have a bridge constructed at that place. It was held that the act involved the exercise of judgment and discretion, and no liability attached, unless the commissioners acted corruptly. Speaking to the position, the Court said: "Nor will the action lie against the members of the board as individuals, because there is no averment that defendants acted or failed to act "cor-

ruptly or of malice." The case presented is one involving the exercise of discretionary powers conferred upon the board for the public benefit, and it is very generally recognized in such case that in the absence of statutory provision even ministerial officers, acting on questions arising properly within their jurisdiction, are not liable to suit by individuals without an averment of that kind. In such cases these officers are sometimes termed *"quasi*-judicial," and the general principle applicable is stated by Mechem on Public Officers, as follows: "The same reasons of private interest and public policy which operate to render the judicial officer exempt from civil liability for his judicial acts within his jurisdiction apply to the *quasi*-judicial officer as well, and it is well settled that the *quasi*-judicial officer cannot be called upon to respond in damages to the private individual for the honest exercise of his judgment within his jurisdiction, however erroneous or misguided his judgment may be. The name applied to the office or the officer is immaterial. The question depends in each case upon the character of the act. If it be judicial or *quasi*-judicial in its nature, the officer acts judicially, and is exempt. Neither is it material that the officer usually or often acts ministerially. In those cases in which he does act judicially he is, nevertheless, exempt. A statement approved in numerous decisions here and elsewhere. *Hudson v. McArthur,* 152 N. C., 445; *Raysford v. Phelps,* 43 Mich., 342; *Baker v. State,* 27 Ind., 485; 28 Cyc., 466," and the same may be said of the case of *Shryer v. Commissioners of Greene,* 119 Ind., 444, also relied upon by the defendant. In that case a bridge had been practically destroyed and the county authorities were deliberating as to whether an abandonment of the bridge would not be best for the public interest and some other way of crossing the stream provided, and a mandamus to compel them to restore the bridge was refused. It involved an exercise of judgment, referred by law to the county commissioners.

A correct application of the principles approved and sustained by these authorities, in our opinion, gives full support to his Honor's decision overruling the demurrer and denying the motion to dismiss, made *ore tenus.* A complaint containing definite and specific allegations that the bridge and approach thereto were under the exclusive care and control of the defendant; that, having actual knowledge of conditions and with funds available for its repair, defendants had, for 52 days just preceding the injury, knowingly, negligently and carelessly permitted the wooden gangway to be and remain in a rotten, weak and dangerous condition, and that said gangway fell as plaintiff was endeavoring to drive his wagon and team across the bridge, causing a fall of 14½ feet, practically ruining the wagon and inflicting severe injuries on plaintiff personally, and to his mules. This, to our minds, and on

the facts as defendant admits them to be, by his demurrer and motion, shows, as the record now stands, a breach of official duty clearly ministerial and constituting an actionable wrong unless, by opposing testimony, the obligation to repair is removed or the charge of negligence in some way refuted.

It is urged for defendant that the court should take judicial notice of the fact that the bridge in question is a county-line bridge and, as such, under chapter 65, section 2696, and chapter 23, section 29, the same is under the care and control of the county commissioners of the county, and that no responsibility should attach to the defendants or either of them by reason of the bridge or the approach thereto.

While the Court, as a rule, will take judicial notice of the position of prominent water-courses of the country (*S. v. Ry.,* 141 N. C., p. 846; *Harper Furniture Co. v. Express Co.,* 144 N. C., p. 639), there is doubt if the principle can be extended to taking notice of the location of any particular bridge; but if this be conceded, we are of opinion that, on the record as it now stands, this position of defendants cannot be sustained. A perusal of the statute, chapter 586, and particularly of sections 9 and 10, will disclose that very large powers are conferred and extensive duties imposed upon the highway commissioners and highway superintendent as to both roads and bridges, and it may be the proper construction of the law that the entire matter is referred to these defendants. But, whether arising under the statute, and that we do not now decide, or by reason of some valid arrangement with the commissioners, or even because of the fact that the defendants had assumed and entered on the duty of maintaining this approach in proper condition, a case presented in *County Commissioners v. Blackburn,* 105 Md., *supra,* we are of opinion, and so hold, that, on specific and definite allegation, admitted by the demurrer, that this bridge and approach is a part of the public road of Lee County, and under the exclusive care and control of defendants, etc., etc., that defendants' duty to repair is sufficiently averred, and that in connection with the other facts the defendant has been properly required to answer over, and the judgment to that effect is

Affirmed.