### J. B. WINDERS v. JOHN F. SOUTHERLAND ET ALS.

#### (Filed 3 October, 1917.)

1. **Actions—Deeds and Conveyances—Warranties—Parties—Predecessors in Title—Statutes.**

   A grantee of lands against whom a recovery has been had for a part thereof may sue his grantee for damages upon the covenants and warranty in his deed, and the successive warrantors in his chain of title, separately or in the same action, the subject-matter being the same, our Code system not favoring a multiplicity of suits.

2. **Parties, Unnecessary—Motions to Strike Out—Demurrer.**

   Where one who is not a necessary party has been made a defendant to an action upon a warranty in a deed, his remedy is on motion to strike out his name, and not by demurrer; and a joint demurrer by two defendants, with a good cause of action stated as to one, is bad.

APPEAL by defendants from *Lyon, J.,* at March Term, 1917, of DUPLIN.

*Gavin & Wallace and R. D. Johnson for plaintiff.*
*Stevens & Beasley and W. S. O'B. Robinson for defendants.*

CLARK, C. J. In 1907 the plaintiff received a deed for a tract of land from the defendants, Sutherland and Hobbs, with warranty of title, of seisin and freedom from encumbrance. In 1905 John R. Smith conveyed this land to Sutherland, with the same warranties. A portion of said land having been recovered against the plaintiff by action, he brought this action against all the above-named defendants. The defendants demurred, upon the ground that it was a misjoinder of action and of parties to unite all the defendants in one action, and to join in the same action upon their covenants of warranty Sutherland and Hobbs, the plaintiff's grantors, and John R. Smith and wife upon his warranty in the deed to Sutherland, because they were independent and separate transactions.

Winders could sue Smith upon the covenants in Smith's deed to Sutherland, since he held a deed for the same property, with the same warranties from Smith's grantee. *Markland v. Crump,* 18 N. C., 94; *Wiggins v. Pender,* 132 N. C., 638. The demurrer was properly overruled. At the most, there would have been merely unnecessary parties, and for this a demurrer will not lie. Such party has his remedy by motion to strike out his name. *Sutherland v. Fields,* 118 N. C., 358; *Worth v. Trust Co.,* 152 N. C., 242. Moreover, where two defendants join in a demurrer, and the complaint states a good cause of action as to one of them, the demurrer must be overruled. *Caho v. R. R.,* 147 N. C., 20.

POTATO CO. *v.* JEANETTE.

However, we think it was no error to join these defendants in the same action. While Hobbs and Sutherland could not sue Smith until they had sustained a loss, the plaintiff, on his being ousted, could sue Smith or any other warrantor in the chain of title. He had the same cause of action against Sutherland and Hobbs, his immediate grantors. The Code system does not favor multiplicity of suits. The cause of action here is for the loss sustained by the plaintiff of part of this tract of land, and the object of the action is to recover damages of the parties to whom he had a right to look for indemnity by reason of the warranties. The tract of land in the deed from Smith to Sutherland and from Sutherland and Hobbs to the plaintiff, was the same. Their joinder was entirely proper, and if it had not been, as already said, the remedy was by a motion to strike out the name of an unnecessary party. But as the plaintiff had a right to sue them all, in separate actions, and the cause of action was the same, it was entirely proper to join them in the same action.

Affirmed.