J. J. REDMON ET AL. v. NETHERLANDS FIRE INSURANCE COMPANY.

(Filed 13 December, 1922.)

**1. Actions—Causes—Parties—Misjoinder—Pleadings—Demurrer.**

The owner of certain lumber was indebted to two of the plaintiffs in a
certain sum, and executed a deed in trust thereon to secure its payment,
the trustee to dispose of the lumber for the payment of the debt and
reconvey the balance thereof to the owner. The defendant insured the
parties plaintiff, creditors of the owner, against loss by fire, payable to the
trustee, and thereafter issued another policy, on the same lumber, payable
to the creditors, and the person named in the deed of trust, as their
interest may appear. The owner had assigned his interest in the second
policy to a bank to secure a loan it had made to him, and a part of the
lumber covered by the policies was destroyed by fire: *Held,* the owner,
his creditors, and trustee in the deed of trust, and the bank were all
variously interested, and properly united as parties plaintiffs in an action
on the policy, and that the loss by fire was the common cause thereof;
and that a demurrer for misjoinder of parties and causes of action was
properly overruled, especially is this proper when it has been made to
appear that the creditors secured by the deed of trust had acquired the
interest of the owner and of the bank.

**2. Same—Amendments—Statutes.**

Upon the facts in this case, *it is held,* on appeal, that the trial court
properly allowed the plaintiffs to amend their complaint to allege that
some of the plaintiffs had acquired the interests of the others in a policy
of insurance against loss by fire, in furtherance of justice, under the pro-
visions of C. S., 547.

APPEAL by defendants from *Shaw, J.,* at chambers, 21 April, 1922,
from MADISON.

The defendant demurred upon the ground that there was a misjoinder
of both parties and causes of action.

31—184

Joe M. Burlinson owed the plaintiffs, J. J. Redmon and W. H. Redmon, trading and doing business as J. J. Redmon & Son, and as individuals, the sum of $20,000. Later Burlinson secured this debt by conveying to J. C. Redmon as trustee 1,250,000 feet of lumber, as set out in the complaint, said lumber to be disposed of by said trustee and sufficient of the proceeds realized therefrom to be paid by the trustee to said J. J. Redmon and W. H. Redmon to satisfy said debt of Burlinson, and the balance of said proceeds and any lumber unsold (after deducting certain necessary expense items) to be paid over and reconveyed by the trustee to said Burlinson.

On 27 July, 1921, the defendant insured J. J. Redmon & Son against the loss or destruction of said lumber by fire, issuing to them, as insured, a $20,000 fire insurance policy, payable to J. C. Redmon, trustee.

On 2 August, 1921, the defendant issued an additional policy insuring W. H. Redmon and J. J. Redmon against the loss or destruction of said lumber by fire issuing to them, as insured, a $5,000 fire insurance policy, payable to Joe M. Burlinson and J. C. Redmon, as their interest in said lumber might appear.

Prior to the issuance of either of said policies, Joe M. Burlinson was also indebted to the Bank of Yancey in the sum of $1,700, and after the issuance of the said $5,000 policy, assigned his interest in the same to said bank as collateral security for his said debt to them of $1,700. After issuance of said policies, and while both of same were in full force, 900,000 feet of said lumber was destroyed by one fire, and was valued, as plaintiffs allege in this complaint, at the sum of $27,000, and the plaintiffs further allege that defendant, by the terms of said insurance policies, became indebted to plaintiffs according to their respective rights and interests in said destroyed lumber to the extent of the face value of said policies, to wit, in the sum of $25,000.

The plaintiffs were permitted to amend their complaint to set out that the interests of the Bank of Yancey and of Joe M. Burlinson in the $5,000 policy had been acquired by J. J. and W. H. Redmon, and the demurrer was overruled. Defendant appealed.

*George M. Pritchard and Guy v. Roberts for plaintiffs.*
*T. A. Hammond and Jones, Williams & Jones for defendant.*

CLARK, C. J. The single exception is to the judgment permitting plaintiffs to amend and overruling the demurrer.

It was manifestly in furtherance of justice to permit plaintiffs to amend so as to show that plaintiffs, J. J. Redmon and W. H. Redmon, trading and doing business under the firm name of J. J. Redmon & Son,

had acquired the interest of plaintiffs, Bank of Yancey and Joe M. Burlinson, in the said $5,000 policy. This amendment eliminated all question as to misjoinder either of parties or actions, since from the very nature of the case J. C. Redmon, trustee, and W. H. and J. J. Redmon have the sole interest in the result of the action as to both of said policies.

The court, at any time before or after final judgment, can permit an amendment in furtherance of justice. C. S., 547. But irrespective of said amendment, there has been neither a misjoinder of parties or causes of action.

The Code of Civil Procedure provides that those united in interest must be joined as plaintiffs. It also provides that causes of action may be joined when they arise out of the same transaction, or transactions connected with the same subject of action. Plaintiffs are all parties united in interest, and the causes of action arise out of the same transaction, and a transaction connected with the subject of the action. *Quarry Co. v. Construction Co.,* 151 N. C., 349.

In *Pretzfelder v. Ins. Co.,* 116 N. C., 495, the plaintiff's stock of merchandise was insured in several different fire insurance companies, each of which companies, under the terms of the respective policies, was to pay its proportionate share of any loss occasioned by fire. Subsequently the goods were damaged by fire and the plaintiffs brought a single action on all of said policies, joining all of said fire insurance companies as defendants. The Court held that "there was not only no misjoinder of parties, but that the joinder was essentially proper."

In the *Pretzfelder case, supra,* the Court said that if separate suits had been brought, then the same propositions of law and the same evidence would have been to go over in five different actions, and at an expense of five times the court costs, and a needless waste of the Court's time, and with the prospect of five different juries assessing the loss at five different amounts.

The same and stronger reasons exist for joinder of parties and causes of action in this case. Both policies are issued by the same company, and to J. J. Redmon and W. H. Redmon. The same fire occasioned the loss under each policy. The same lumber is insured under each policy. Joe M. Burlinson, as debtor of J. J. Redmon and W. H. Redmon, to the extent of $20,000, and as owner of the excess of said lumber above the amount necessary to discharge said indebtedness, and not destroyed by fire, was interested in the result of each of said causes of action, the amount of lumber left to him after the extinguishment of his said debts depends upon the amount of money recovered in said causes of action. Joe M. Burlinson was also united in interest with other plaintiffs as

payee under said $5,000 policy. J. C. Redmon, as trustee, was interested in the recovery under both causes of action, in the $20,000 policy by express designation as the payee, and in the second or $5,000 policy according to his rights, and his only rights being that of trustee to sell said lumber and pay off said $20,000 debt. The Bank of Yancey was interested in the result of each of said causes of action in that it was entitled to hold the interest of Joe M. Burlinson in the $5,000 policy to secure its said debt of $1,700.

The above would be valid reasons for the joinder had not J. J. Redmon and W. H. Redmon, trading and doing business under the firm name of J. J. Redmon & Son, acquired the interest of the Bank of Yancey and of Joe M. Burlinson in said $5,000 policy, but with said interests so acquired there can be no misjoinder of parties nor of causes of action.

Affirmed.