ADELE H. PAUL v. S. E. DIXON AND WIFE, RHODA SCOTT DIXON, DALLAS CRAWFORD DIXON AND SHIRLEY ELVA DIXON.

(Filed 25 February, 1959.)

**1. Pleadings § 19c—**

> Where all the defendants join in a demurrer to the complaint upon the ground that it does not set forth a good cause of action, the demurrer will be overruled if the complaint sets forth a good cause of action as to any one of the defendants.

**2. Quieting Title § 1—Complaint held sufficient to allege cause of action to quiet title.**

> Allegations to the effect that prior to the deed executed to plaintiff by husband and wife, the husband and wife had conveyed by registered deed other lands to the wife and others, but that the description included a portion of the lands conveyed to plaintiff, and praying that if the deed to the defendants conveyed a part of the land thereafter conveyed to plaintiff, by design, the interest of the *femme* grantor-grantee be reduced under the equity of marshalling, in order to exonerate that part conveyed by her to plaintiff, or that if the description was erroneous in including a part of the lands conveyed to plaintiff, the cloud on plaintiff's title should be removed, *held* sufficient to state a cause of action against the *femme* grantor-grantee, at least.

APPEAL by plaintiff from *Moore (C. L.) J.*, at August 1958 Term of PAMLICO.

Civil action to declare plaintiff owner of certain land described

in complaint, freed and discharged of claim of defendants Rhoda Scott Dixon and Dallas Crawford Dixon and Shirley Elva Dixon,—heard upon demurrer entered jointly by defendants.

Plaintiff, Adele H. Paul, widow of Zack H. Paul, who died 16 July, 1954, alleges in her complaint substantially the following: (Paragraph numbers of complaint disregarded)

1. That, as alleged in paragraph 3 of complaint, on April 17, 1944, S. E. Dixon and wife, Rhoda S. Dixon, executed and delivered to Zack H. Paul and wife, Adele H. Paul, a deed conveying certain land therein described, with full covenants of seizin, right to convey, free from encumbrances, warranting to defend the title to the same against all other persons whomsoever, said deed being recorded in the office of Register of Deeds of Pamlico in Deed Book 109, p. 578.

2. That plaintiff, jointly with her husband, Zack H. Paul, so long as he lived, and individually since his death, has been in possession of the aforesaid lands, occupying and improving same until the present time; and that no other person than plaintiff or her husband has paid taxes thereon since the conveyance to them.

3. "That recently and within less than a year of this date, the plaintiff's attention was called to a deed, dated August 15, 1939, which is of record in the office of the Register of Deeds of Pamlico County in Book 95, page 404, from S. E. Dixon and wife, Rhoda Scott Dixon, to Rhoda Scott Dixon, Dallas Crawford Dixon and Shirley Elva Dixon * * * conveying * * * three tracts of land," therein described, the third tract of which purports to convey certain portion of the lands described in the deed from S. E. Dixon and wife, Rhoda S. Dixon, to Zack H. Paul and wife, Adele H. Paul, "while the remainder of said description covers other lands adjacent to or near the lands conveyed by S. E. Dixon and wife, Rhoda S. Dixon, to Zack H. Paul and wife, Adele H. Paul." And plaintiff, upon information and belief, alleges, "that either by inadvertence or mistake of the draftsman, or by design unknown to the plaintiff or her husband, the lands described in the deed to her husband and to herself were also contained in the description in the deed from defendant S. E. Dixon and wife, Rhoda Scott Dixon, to their co-defendants and to Rhoda Scott Dixon."

4. And upon information and belief plaintiff also alleges, "that the above situation and transaction is such that the plaintiff is entitled to have the lands conveyed to her and her husband exonerated from any claim by the defendants or any one of them, and that in equity and under the doctrine of marshalling, any rights which the defendants, Dallas Crawford Dixon and Shirley Elva Dixon might have or

claim to have in the lands conveyed to the plaintiff and her husband, Zack H. Paul, should be transferred to the lands not covered by that deed but conveyed to Rhoda Scott Dixon, Dallas Crawford Dixon and Shirley Elva Dixon, jointly, and that the rights, if any, of Rhoda Scott Dixon should be diminished because of her warranty as to the lands conveyed to the plaintiff and her husband.

5. And that if the court should find that the aforesaid descriptions were made by inadvertence or by error, the same constitutes a cloud upon plaintiff's title, and she is entitled to have same removed.

Wherefore, plaintiff prays judgment.

Defendants demur to the complaint for that "The complaint does not state facts sufficient to constitute a cause of action against the defendants in that it appears from the face of the complaint that at the time of the execution and delivery of the deed to the plaintiff and her husband on April 17, 1944, that there was a deed of record in Pamlico County in Book 95, at page 404, Pamlico Registry, dated August 15, 1939, which conveyed undivided interest in said lands to the defendants Rhoda Scott Dixon, Shirley Elva Dixon and Dallas Crawford Dixon, and that Rhoda Scott Dixon could only have had a one-third undivided interest to convey to the plaintiff and her husband, and the same was notice of said fact to all the world"; and, further, that "It appears upon the face of the complaint that in law Mrs. Adele H. Paul is the legal and equitable owner of a one-third undivided interest in the land referred to in paragraph 3 of the complaint only, and is a tenant in common with Dallas Crawford Dixon and Shirley Elva Dixon."

Defendants, therefore, pray that the action be dismissed.

The court being of opinion that said demurrer should be sustained as to Shirley Elva Dixon and Dallas Crawford Dixon, entered judgment in accordance therewith, granting to plaintiff leave to amend her complaint and plead as she may be advised.

Plaintiff excepted thereto, and appeals to Supreme Court and assigns error.

*J. W. Beaman and R. E. Whitehurst for plaintiff, appellant.*
*Robert G. Bowers for defendants, appellees.*

WINBORNE, C. J.  Decisions of this Court hold that where all the defendants join in a demurrer to the complaint upon the ground that it does not set forth a good cause of action, the demurrer will be overruled if the complaint sets forth a good cause of action as to any one of the defendants. *Conant v. Barnard,* 103 N.C. 315, 9 S.E.

575; *Loughran v. Giles*, 110 N.C. 423, 14 S.E. 966; *Blackmore v. Winders*, 144 N.C. 212, 56 S.E. 874; *Caho v. N & S Ry. Co.*, 147 N.C. 20, 60 S.E. 640; *Hipp v. Farrell*, 169 N.C. 551, 86 S.E. 570; *Winders v. Southerland*, 174 N.C. 235, 93 S.E. 726.

See also McIntosh's N.C. P & P, Sec. 449, page 463, and McIntosh's N.C. P & P Second Edition, Sec. 1195 on page 655.

In *Conant v. Barnard*, *supra*, *Avery, J.*, writing for the Court, it is declared that "When the defendants united in a demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action they all placed themselves in the same boat and must sink or swim together. The current of authority is in favor of this just and salutary rule of pleading, where the new system has been adopted. 'A demurrer by two or more, if there is a cause of action against any one of them will be overruled,' " citing authorities.

And in the *Caho* case, *supra*, the Court in opinion by *Connor, J.*, had this to say: "The defendants having joined in the demurrer, if the complaint states a cause of action against either of them, it must be overruled * * * If, therefore, a cause of action is stated against the Pamlico, Oriental and Western RR Company, we may not inquire whether any is stated against its co-defendants who joined in the demurrer, but must adjudge that they answer over."

Moreover in *Hipp v. Farrell*, *supra*, *Hoke, J.*, writing for the Court, declared: "Again, it is held with us that where two or more are sued as jointly responsible for a wrong, a joint demurrer filed will be held bad, if a cause of action is stated against either of the defendants," citing the *Caho* case, *supra*. To same effect is opinion by *Clark, C. J.*, in *Winders v. Southerland*, *supra*.

In the light of the allegations in the complaint in present case, it appears clear that plaintiff alleges a cause of action against defendant, Rhoda Scott Dixon. Therefore, applying the above holding of this Court, "We may not inquire," as stated in the *Caho* case, *supra*, "whether any is stated against its co-defendants who joined in the demurrer, but must adjudge that they answer over."

Indeed, in so holding there is no conflict with the decision in *Bailey v. McGill*, 247 N.C. 286, 100 S.E. 2d 860. There the three defendants filed separate demurrers.

Hence in sustaining the demurrer as to defendants Dallas Crawford Dixon and Shirley Elva Dixon there is error and, in this respect, the judgment below is

Reversed.

MOORE, J., took no part in consideration or decision of this appeal.