C. S. ROUSE, TRADING AS MODEL CLEANERS v. ALBANY INSURANCE COMPANY AND WESTCHESTER FIRE INSURANCE COMPANY.

(Filed 23 May 1962.)

1. Insurance § 84—

Where separate insurers issue respectively a policy of fire insurance upon the same property, each policy containing provisions that in case of other valid insurance any loss should be apportioned, insured may sue both insurers in one action to recover the loss by fire of the insured property, since the presence of both the insurers is necessary for a proper apportionment of the loss and to fix the liability of each.

**2. Pleadings § 18—**

A joint demurrer cannot be sustained on the grounds of misjoinder if the complaint alleges a cause of action against any defendant.

**3. Insurance § 73—**

A policy of fire insurance on contents of a building used by insured to process goods of his customers in his hands as bailee, covering the loss of "property of the insured or for which the insured is liable," *is held* to include in the coverage property held by insured as bailee and destroyed by fire of unknown origin, notwithstanding the absence of legal liability of insured for such loss, although insured will hold the payments for the bailed articles as trustee for the benefit of the owners.

*Certiorari* on defendants' application to review an order entered by *Bundy, J.,* at February 1962 Term, Lenoir Superior Court.

The plaintiff instituted this civil action to recover $1,450.00 for contents of a described building, including articles of clothing in plaintiff's possession for processing in the usual course of his dry cleaning business. Fire "of unknown origin" destroyed the building and contents on November 14, 1960. At the time of the fire the plaintiff was the beneficiary in two separate insurance policies. One was issued by Albany Insurance Company for $5,000.00, and the other was issued by Westchester Fire Insurance Company for $3,000.00. Each policy contained this provision:

"C. STOCK COVERAGE — when this policy covers STOCK of merchandise it shall include all stock items usual or incidental to the business of the occupancy described on the first page of this policy (except motor vehicles designed for use on public highways, boats and aircraft), the property of the insured or for which the insured is liable while contained in the described building or while located within 100 feet thereof."

Each policy, however, contained a provision for the apportionment of loss in case the insured held other coverage.

The defendants filed a joint demurrer upon these grounds:

"1. There is an alleged misjoinder of parties defendant,

"2. There is an alleged misjoinder of causes of action,

"3. And that it is alleged that the complaint does not allege facts sufficient to constitute a cause of action," . . .

The parties stipulated: "It is agreed that if the Court should hold that the 'C Stock Coverage' provision as quoted, does insure customers' goods held by the insured for processing against the fire damages as alleged in plaintiff's complaint, then the demurrer as to the third ground was correctly overruled."

Judge Bundy entered an order overruling the demurrer which is now here for review.

*R. S. Langley for plaintiff appellee.*
*Whitaker & Jeffress By R. A. Whitaker for defendants, appellants.*

HIGGINS, J.   According to plaintiff's allegations, he operated a dry cleaning plant in a one-story, masonry building located at 205 East Caswell Street in Kinston. Each defendant issued its separate policy containing the "C" Stock Coverage clause set out in the statement of facts. Each policy contained a provision that in case the plaintiff had other valid insurance any loss should be apportioned. By reason of the apportionment clauses in the policies, the presence of both insurers before the court is necessary for the court properly to apportion the loss and to fix the liability of each insurer. *Pretzfelder v. Ins. Co.,* 116 N.C. 491, 21 S.E. 302; *Redmon v. Ins. Co.,* 184 N.C. 481, 114 S.E. 758.

A joint demurrer cannot be sustained on the ground of misjoinder if the complaint alleges a cause of action against any defendant. *Williams v. Strickland,* 251 N.C. 767, 112 S.E. 2d 533; *Paul v. Dixon,* 249 N.C. 621, 107 S.E. 2d 141. The defendants argue their joint demurrer for failure to state a cause of action should be allowed, even though misjoinder is waived by the joint demurrer.

The third ground of the demurrer raises the question whether the "C" stock coverage provision of the policies insures customers' clothes in possession of the plaintiff as bailee for dry cleaning purposes. The defendants contend (1) the policies were intended to insure the plaintiff against liability to the owner and not to insure the property, (2) the complaint having alleged the clothing was destroyed by a fire of unknown origin, the plaintiff is not liable on the ground of negligent loss, and hence the defendants are not liable to him as bailee.

The policies are not before us. However, the complaint alleges that each is a standard North Carolina fire insurance policy. The plaintiff alleges the policies insured "the contents contained in the one-story, masonry building with approved roof used as a dry cleaning plant located at 205 East Caswell Street, Kinston." Each insurer, therefore, was charged with notice not only of the type of articles the plaintiff would receive, but where they would be stored. The policy covered "the property of the insured or for which the insured is liable."

The courts are divided on the question whether "C" is indemnity insurance against the insured's legal liability for loss or whether it insures the property which the insured possesses as bailee. North Carolina seems never to have decided the question. The authorities

are cited and discussed in 29 Am. Jur., "Insurance," §§ 295, 296, pp. 677, 678: "Provisions in a fire insurance policy extending coverage to property held by the insured in trust, on commission, or in a similar manner are usually held to include ordinary bailments and to insure the property to its full value and not merely the bailee's interest unless the coverage is limited in that respect by other policy provisions. Policy provisions covering property contained in *specified places* and 'for which the insured is liable' have been held to insure against loss of the property and not indemnify insured against his legal responsibility." (emphasis added) See also to the same effect, 67 A.L.R. 2d Anno: Fire Insurance, pp. 1243, *et seq.* The foregoing seems to state the general rule.

We hold the insurance policies, as described in the complaint, insured the contents of the described building, including the clothing held by plaintiff as bailee, and that he is entitled to recover their value upon proof of loss by fire. Of course, the payments will take the place of the bailed articles, and will be held by him as trustee for the benefit of the owners.

Affirmed.