### KNICKERBOCKER v. ROBINSON et al.

(Supreme Court, Appellate Division, Fourth Department. May 12, 1903.)

1. JUDGMENT—ISSUES FRAMED BY PLEADINGS—CHANGE OF ISSUES BY PARTIES.
    As a general rule, a judgment must be founded on and decisive of issues framed by the pleadings; but parties to an action may, if they desire, ignore the pleadings, and try their case on other and different issues from those raised thereby.

**2. APPEAL—PRESUMPTION THAT EVIDENCE SUSTAINS FACTS FOUND.**

Where a case on appeal to the Supreme Court does not contain the evidence taken in the court below, it must be assumed that the proceedings at the trial and the facts proven were such as to sustain the findings of the trial court.

**3. SAME—GROUNDS OF REVERSAL.**

Where the conclusions of law are not in conflict with the findings of fact, the allegation in the complaint of any other or inconsistent fact, even when admitted in the answer, is not available to plaintiff as a reason for reversing the judgment.

**4. VENDOR AND PURCHASER—CONTRACT OF SALE NOT FULLY EXECUTED—RECOVERY OF MONEYS PAID THEREON.**

Where a vendor agreed to sell land to four parties, who were to execute a contract of sale, and only three of them executed it, the contract was never fully executed, and such three vendees were entitled to recover from the vendor the moneys paid by them, respectively, thereon.

Appeal from Equity Term, Monroe County.

Action by Edgar Knickerbocker against William H. Robinson and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Quincy Van Voorhis, for appellant.

S. D. Bentley, Fred M. Whitney, and S. R. Robinson, for respondents.

ADAMS, P. J. The complaint in this action alleges that on the 31st day of May, 1890, a contract was entered into between the plaintiff, as party of the first part, and the defendants, other than the defendant Green, as parties of the second part, by the terms of which the parties of the second part agreed to purchase of the plaintiff a farm consisting of about 110 acres of land, situate partly in the city of Rochester, and to pay the plaintiff therefor the sum of $50,000, $100 of which sum was by the terms of the contract to be paid at once, and an additional sum of $1,900 upon the 1st day of August following; the balance, namely, $48,000, to be paid in yearly payments of $4,000 each. It was further alleged that by the terms of this contract the defendants agreed to assume a mortgage upon the premises in question of $11,000, and to pay all taxes and insurance upon such premises until a conveyance thereof was executed and delivered, which was to be done as soon as the payments upon the purchase price should amount to $10,000. The complaint also alleges that the defendants Robinson, Fiske, and Moulthrop have paid $2,000 upon the contract; that the defendant Green claims to have acquired Moulthrop's interest; that the plaintiff is and always has been ready to perform the agreement upon his part; and, after stating in what respects the defendants had failed to perform, it demanded "that they, and all persons claiming under them, be barred and foreclosed of all rights, claims, liens, or equity of redemption or other interest in said lands; that said lands be sold at public auction, and the plaintiff paid from the avails thereof the amount due on said contract, together with interest, costs, and expenses." The defendants, in their several answers, admit the making of a contract by the plaintiff and the defendants Robinson, Fiske and Moulthrop at the time

alleged in the complaint, which contract is attached to their answer, and made a part thereof. In some particulars the contract thus specifically set forth differs from the contract alleged in the complaint, but it is undoubtedly the same one therein referred to, and made the basis of the plaintiff's cause of action.

The case was tried without a jury, and the trial court found, among other things, that in May, 1890, the plaintiff and the defendant Robinson entered into negotiations which resulted in an agreement by the terms of which the plaintiff agreed to sell the lands in question to the defendants Robinson, Fiske, Moulthrop, and one Dunning; that such agreement was thereupon reduced to writing and signed by the plaintiff and Robinson, and, as thus formulated, was taken by the latter party to the city of Rochester for the purpose of obtaining the signatures thereto of Fiske, Moulthrop, and Dunning; that Fiske and Moulthrop did sign the same, but that Dunning refused to agree to its terms, and consequently never signed it. The court further found that "no contract was ever entered into between the plaintiff and said Robinson, Fiske, Moulthrop, and Dunning, or any of them, for the purchase and sale of said premises." It is also found, as a conclusion of law, "that the said alleged contract between the plaintiff and the defendant Robinson and others, dated May 31, 1890, was never fully executed and never became binding upon any of the parties named therein"; that in consequence thereof the defendants Fiske and Moulthrop were entitled to judgment dismissing the complaint upon the merits as to them, with costs, and that the defendants Robinson and Green were each entitled to recover of the plaintiff the sum of $875, with interest thereon from August 15, 1891, with a bill of costs to each of them; and that they be permitted to amend their answers, if so advised by counsel.

The contention upon this appeal is that the finding and conclusion above referred to are fatally defective, because of the fact that the execution of the contract alleged in the complaint was expressly admitted by the answers; and in support of this contention the rule is invoked that the judgment of the court must be secundum allegata et probata. It is undoubtedly true, as a general proposition, that a judgment must be founded upon and decisive of the issues framed by the pleadings; but this, like many other rules, is not without its exception, for parties to an action are at liberty, if they so elect, to ignore the pleadings, and try their case upon other and different issues from those raised thereby.

In Farmers' Loan & Trust Co. v. Housatonic R. Co., 152 N. Y. 251, 254, 46 N. E. 504, 505, which was an action brought upon a check claimed to have been signed by the defendant's assistant treasurer, the due execution of which was denied by the answer, it was said:

"The learned counsel for the defendant complains that the cause was tried outside the pleadings, and in the same manner as if the action had been brought for the recovery of the salary. If this contention were correct, it would not be a fatal objection in this court, in the absence of some specific objection to that course, since parties may, if they so elect, depart from the strict issues made by the pleadings, and try other questions relating to the merits of the controversy, by consent or acquiescence."

And the rule of procedure as thus stated was afterwards reiterated by the Court of Appeals in Schoepflin v. Coffey, 162 N. Y. 12–16, 56 N. E. 502.

Whether the parties to this action availed themselves of their privilege by departing from the issues formed by the pleadings herein, and tried the merits of the case upon a different theory, does not appear, inasmuch as the case on appeal to this court does not contain the evidence taken in the court below. In these circumstances, we think it must be assumed that the proceedings at the trial and the facts proven were such as to sustain the findings of the learned trial court; and if the conclusions of law are not in conflict with the facts thus found, as clearly they are not, we do not see that any other or inconsistent fact alleged in the complaint, even when admitted in the answer, is available to the appellant as a reason for reversing the judgment. Gardiner v. Schwab, 110 N. Y. 650, 17 N. E. 732; Murray v. Marshall, 94 N. Y. 611–617; Kellogg v. Thompson, 66 N. Y. 88.

Our consideration of the case presented by this appeal has thus far been based upon the assumption that the execution of the contract referred to in the complaint is admitted by the answers; but that such is the fact is not altogether certain, for the contract which is annexed to and made a part of the answers differs in some essential particulars from the one referred to in the complaint—a circumstance to which we have already called attention—and it is not improbable that the court based its finding and conclusion to the effect that no contract was entered into between the parties upon the fact that Dunning, who by the terms of the agreement was to have been a party thereto, never executed the same. But however this may be, we are of the opinion that, in the condition in which the case is presented, no other recourse is left to this court than to sustain the conclusion of the court below. Such being the case, it seems no more than just and equitable that the defendants should recover from the plaintiff the moneys paid by them, respectively, upon the alleged contract. It follows that the judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.