T. R. TOMLINSON v. D. N. BENNETT.

(Filed 23 October, 1907).

1. **Contracts, Executory—Part Payment—Nonperformance—Consideration—Recovery.**

Plaintiff and defendant entered into an executory contract. Plaintiff paid defendant a certain sum of money and delivered a horse in part payment thereunder. Without fault on plaintiff's part, the contract was never executed, and there was an entire failure of performance by the defendant: *Held,* in an action to recover for money had and received to plaintiff's use, the plaintiff is entitled to recover, upon an implied promise to pay, the amount of money he had so paid, and the value of the horse, yet unsold, as for conversion.

2. **Statute of Limitations—Nonsuit—Counterclaim in Former Action.**

The bar of the statute of limitations is not repelled by reason of a former suit brought by the defendant against the plaintiff, in which, after a long lapse of time, the then plaintiff took a nonsuit without filing complaint, upon the assumption of the present plaintiff, then the defendant, that he could therein have set out as a counterclaim the subject-matter of the present action.

3. **Same—Pleadings, Parol Evidence of—Nonsuit—Statute of Limitations.**

Parol evidence is incompetent to prove that a complaint in a former action between the same parties which was never filed, and in which action judgment of nonsuit was taken, would have alleged subject-matter to which the present plaintiff, then defendant, could have set up as a counterclaim the subject-matter of the present action, and thereby repel the bar of the statute of limitations.

CIVIL ACTION, heard before *Councill, J.,* at February Term, 1907, of the Superior Court of ANSON County.

Action to recover money paid and the value of a horse delivered by plaintiff to defendant.

The uncontroverted facts, as they appear upon the pleadings, are: On 1 December, 1887, plaintiff and defendant entered into a contract, whereby defendant agreed, to convey to plaintiff a good and indefeasible title to a tract of land represented to be of the value of $1,825. Plaintiff, in consideration of the conveyance of said land, agreed to convey to

defendant title to a lot in the town of Wadesboro, of the value of $1,500, to pay $175 in money and deliver to him one horse, valued at $150. Plaintiff paid the money and delivered the horse at the time the contract was made. For reasons not necessary to be set out, the contract in regard to the conveyance of the real estate was never executed. At a term of the Superior Court of Anson County in 1888 defendant instituted an action against plaintiff, in which summons was duly issued and served. The case remained on the docket of said court—no complaint having been filed—until March Term, 1906, when the plaintiff in said action took a nonsuit. Plaintiff in this action objected thereto. Plaintiff herein, at April Term, 1906, of said court, instituted this action, alleging that he was induced to enter into said contract by representations in regard to the value, condition, etc., of said land, which were untrue; that the title was defective. He also alleged the payment of the money and delivery of the horse and value thereof, demanding judgment therefor. Defendant answered at length, admitting that the contract had not been executed, stating reasons therefor, and pleading the several statutes of limitation. Plaintiff alleged that he was prevented from setting up the matters constituting his present cause of action by way of counterclaim in said action by reason of defendant's failure to file a complaint and taking a nonsuit therein. The complaint does not state the cause of action upon which the first suit was brought. The answer states that it was to compel the present plaintiff, defendant therein, to carry out his contract. He admits that the nonsuit was taken, alleging that, after the institution of the action, a building on the lot contracted to be conveyed was destroyed by fire, rendering it impracticable for plaintiff to comply with his contract, etc. Defendant herein moved for judgment upon the facts alleged and admitted in the pleadings, for that, first, the complaint did not set out facts sufficient to constitute a cause of action; and, second, that the

alleged cause of action was barred by the statute of limitations. His Honor granted the motion. Plaintiff excepted and appealed.

*H. H. McLendon* and *J. W. Gulledge* for plaintiff.
*Robinson & Caudle* for defendant.

CONNOR, J., after stating the facts: The only cause of action stated in the complaint is for money had and received to plaintiff's use. If the plaintiff, in part performance of an executory contract, paid the money and delivered the horse, and, for any reason for which he was not responsible, the contract was not executed, he would be entitled to recover the money upon an implied promise to repay it, and the value of the horse as for a conversion. The law will imply a promise to repay money received, when there is a total failure of the consideration upon which it was paid. It would be against good conscience and equity to retain it; this is the principle upon which the action is based. As plaintiff does not allege that the horse was sold and the money actually received, the action in that respect must be for the value of the horse. This, however, is not the point in the case. Treating the action as for money had and received, it is barred at the end of three years from the time the action accrued—that is, the contract was broken, and not from the receipt of the money; this was in 1888. Plaintiff, however, says that he was prevented from suing by reason of defendant's conduct in bringing an action in 1888, permitting it to remain on the docket until 1906, and disposing of it by a nonsuit. It is settled that if plaintiff was prevented from bringing his action during the statutory period by such conduct on the part of the defendant as makes it inequitable for him to plead the statute, or by reason of any agreement not to do so, he will not be permitted to defeat plaintiff's action by interposing the plea. *Daniel v. Commissioners,* 74 N. C., 494; *Haymore v. Com-*

*missioners,* 85 N. C., 268; *Whitehurst v. Dey,* 90 N. C., 542. These and other cases sustain this proposition.

We are unable to see in the mere failure of the defendant to file his complaint in the former action, in the absence of any agreement calculated to cause the plaintiff to sleep upon his rights, any fraud or wrong on his part. Assuming, for the purpose of the argument, that plaintiff in that action would, in his complaint, have set out a cause of action to which the defendant's present cause of action could have been pleaded as a counterclaim, he was not compelled to plead it; he may at any time have brought an independent action. *Woody v. Jordan,* 69 N. C., 189. Plaintiff encounters another difficulty—how is the Court to know what the defendant, the plaintiff in that action, would have alleged therein as his cause of action? We do not think parol evidence would be competent to show what a plaintiff would have alleged in a complaint which was never filed. The language of *Ashe, J.,* in *Bryan v. Malloy,* 90 N. C., 508, discussing a different question, but involving the same principle, is pertinent: "The only record is a summons; no complaint; no answer; no issue and no verdict—only a judgment of nonsuit, which in that case means a *nolle prosequi.*" Concluding the discussion, and referring to the class of cases in which parol evidence is admissible to make more specific the issues decided in a former action, he says: "It is only admissible in aid of the record—that is, whenever the record of the first trial fails to disclose the precise point on which it was decided, it is competent for the party pleading it as an estoppel to aver the identity of the point or question on which the decision was had, and to support it by proof. But there must be a record to be aided. When there is no record, as in this case, there is no foundation for the proof." The learned Justice used the word "record" as synonymous with "pleading." The plaintiff could, at any term of the court between 1888 and 1906, have compelled the defendant, plaintiff in the first

action, to file his complaint or dismiss his action, or he could have brought his action for the recovery of the money paid and the value of the horse.    There was nothing in the record to prevent him from doing so.    By permitting the action to remain on the docket during the intervening years, and failing to sue, he is barred.    There must be an end to litigation. Private right and public interest demand it and vindicate the wisdom of statutes of limitation.    The judgment must be
    Affirmed.