## Karnauch v. Shaffer

*Wallace Lippincott*, for plaintiff.
*Edw. D. McLaughlin*, for defendant.

FRONEFIELD, P. J., May 27, 1935.—This is an action to recover $400 from the defendants which was paid as hand money by the plaintiff to the defendants on account of the purchase price for real estate.

It appears from the evidence that the plaintiff employed a Mr. Pitts as real estate agent to hunt a property for him and his wife. Pitts introduced the defendants' property to him and after the plaintiff and his wife looked it over two or three times the defendants, on July 5, 1933, in writing, agreed to sell to Harry Cyryl Karnauch and Katrina Karnauch, his wife, a certain lot and store and dwelling at the Northwest corner of Sixth and Wilson Streets, in the City of Chester, describing it, together with the stock on the premises, at

the actual value basis to be determined by the inventory, for $8,000, $400 at the signing of the agreement and the balance in cash at the time of settlement, except the mortgage of $4,000 to remain on the property.

The defendants signed the agreement and delivered it to the plaintiff, and Harry, one of the plaintiffs, then paid the defendants $400. Katrina declined to sign it, giving as the reason that she would not live in the property. The sale did not go through.

The plaintiff brought suit to recover the hand money he had paid. There was nothing said at the time the hand money was paid and the agreement was signed that the defendants would return the hand money in case the plaintiff's wife would not sign.

The plaintiff contends that as the agreement was drawn to be signed by the plaintiff and his wife and that as his wife did not sign it is no agreement at all and hence the money should be returned. It is clear that the agreement was not fully executed.

In Finney v. Finney et al., Execs., 1 Pears. 70, the legal principle is well stated in the following language:

"When a joint instrument is drawn to be signed by several, and one fails to sign, all are discharged."

In 13 C. J. 292, it is thus stated:

"If it is understood that a contract signed by certain of the parties is also to be executed by others, there is no contract until this is done."

Whatever, then, were the rights and obligations of the several parties at that time, they cannot be fairly said to have been conclusively fixed by the terms of the written instrument which was never completely executed.

It follows that the plaintiff could not be compelled to advance any further sums of money under the terms of the incomplete agreement. The question remains whether he can recover the sum which he has already paid. We have been unable to find any case in Pennsylvania where the question has been decided. The nearest case is Bruch v. Shafer, 45 Pa. Superior Ct. 612, in

which recovery was allowed on the strength of a collateral agreement to refund the down money if all of the purchasers did not sign the agreement. This would seem to indicate that in the absence of such an agreement no recovery could be allowed, but an examination of the record and paper books shows that this question was not raised.

Courts of other jurisdictions have drawn a distinction between cases where money has been paid in pursuance of a contract and cases where money has been paid in anticipation of a contract to be executed in the future which was not executed through no fault of the plaintiff. In the latter class recovery has been allowed as money had and received on the theory that the consideration for the payment had failed. Money may be recovered when paid on account of a written contract which has not been fully executed: 41 C. J. 38; see Knickerbocker v. Robinson et al., 83 App. Div. 614, 82 N. Y. Supp. 314; Bradford et al. v. Haas, 111 La. 148, 35 So. 493; Tomlinson v. Bennett, 145 N. C. 279, 59 S. E. 37; Collins v. Pearsall, 131 App. Div. 928, 119 N. Y. Supp. 203. The reasoning in these cases is logical and equitable. In the present case the agreement did not become effective because of the failure of the plaintiff's wife to sign it, but there is no evidence that the plaintiff was responsible for obtaining her signature nor that her refusal to sign was at his suggestion or request.

The trial judge granted binding instructions relying upon Bruch v. Shafer, supra, as reported, but we now hold that it does not apply and that the plaintiff's motion for a new trial should be granted. If the plaintiff desires to amend his statement of claim and can truthfully do so, leave should be granted him.

### Order

And now, to wit, May 27, 1935, it is ordered and decreed that the plaintiff's motion for a new trial be and the same is hereby allowed and a new trial granted.