S. GLENN WILSON v. N. C. LEE AND E. C. NEWMAN, TRADING AS LEE & NEWMAN.

(Filed 7 April, 1937.)

1. Money Received § 1—

An action for money had and received may be maintained whenever defendant has money in his hands which belongs to plaintiff, and which in equity and good conscience he ought to pay plaintiff, the money belonging to plaintiff having been secured by defendant without plaintiff's consent, or, if with his consent, without consideration.

2. Same—Allegations and evidence held sufficient to constitute cause of action for money had and received, and nonsuit was improperly granted.

Plaintiff alleged and offered supporting evidence that he had paid defendants a certain sum upon a modified agreement between plaintiff and defendants that defendants would recall an execution issued against plaintiff's father, that unknown to plaintiff the land had been sold under the execution at the time the money was paid, and the land bought in by defendants, that plaintiff paid the money in reliance on the prior agreement for the recall of the execution, and that the return of the money had been demanded and had been refused. *Held:* The action was for money had and received, plaintiff having received no consideration for the money paid over, and plaintiff having waived all other causes of action, and plaintiff's evidence, if believed by the jury, would entitle plaintiff to recover, and the granting of defendants' motion to nonsuit was error.

APPEAL by plaintiff from *Spears, J.,* at September Term, 1936, of SAMPSON. Reversed.

This is an action to recover of the defendants the sum of $246.00.

In his complaint, the plaintiff alleges that on 14 October, 1931, he paid to the defendants the sum of $246.00, upon their representation that in accordance with their agreement with the plaintiff they had recalled an execution which they had caused to be issued on a judgment which they had recovered against George W. Wilson, the father of the plaintiff, and under which the lands of the said George W. Wilson had been adver-

tised for sale on 5 October, 1931; that at the time the plaintiff paid to the defendants the said sum of $246.00 the lands of George W. Wilson had been sold under said execution, and that the defendants had bought said lands at said sale; and that upon his discovery that defendants had not recalled said execution, but in violation of their agreement with the plaintiff, had caused the said lands to be sold under said execution, the plaintiff demanded that the defendants return to him the said sum of $246.00, which demand the defendants had refused.

In their answer, the defendants admit the receipt by them from the plaintiff, on 14 October, 1931, of the sum of $246.00, but deny that they received said sum of $246.00 under and pursuant to the agreement as alleged in the complaint. They allege that plaintiff paid them the sum of $246.00 for an option to purchase the lands which the defendants had purchased at the sale under the execution, and that plaintiff had failed to exercise said option, in accordance with its terms.

At the trial the evidence for the plaintiff tended to show that at August Term, 1929, of the Superior Court of Sampson County, the defendants had recovered a judgment against George W. Wilson for the sum of $878.67, with interest and costs; that said judgment was duly docketed in the office of the clerk of the Superior Court of Sampson County; that some time prior to 5 October, 1931, the defendants had caused an execution to be issued on said judgment to the sheriff of Sampson County; and that after the said execution was issued to him, the sheriff of Sampson County had levied upon and advertised for sale under said execution, on 5 October, 1931, certain lands in Sampson County, which were owned by George W. Wilson, the judgment debtor.

The evidence for the plaintiff further tended to show that on 5 October, 1931, about 10:30 a.m., the plaintiff, accompanied by a friend, went to the office of the attorney for the defendants and there agreed with said attorney that he would pay, or cause to be paid, within a few days, the sum of $500.00 on said judgment, and that he would pay the balance due on said judgment after the payment of the sum of $500.00, in monthly installments; and that in consideration of said agreement the said attorney agreed with the plaintiff that he would recall said execution; that on 14 October, 1931, the plaintiff notified the defendants that he was unable to pay the sum of $500.00 in cash on said judgment, but then and there offered to pay to defendants the sum of $246.00, in accordance with the agreement by and between the plaintiff and the defendants on 5 October, 1931; and that this offer was accepted by the defendants. The plaintiff accordingly paid to the defendants the sum of $246.00.

The evidence for the plaintiff further tended to show that the attorney for the defendants did not recall said execution in accordance with his

agreement with the plaintiff on 5 October, 1931, but caused the lands of George W. Wilson to be sold by the sheriff under said execution at 12 m., on 5 October, 1931; and that at said sale the defendants were the purchasers of said land, and now have a deed for said land from the sheriff of Sampson County.

The evidence for the plaintiff further tended to show that on 14 October, 1931, when the plaintiff paid to the defendants the said sum of $246.00, the plaintiff did not know that defendants had failed to recall the execution on 5 October, 1931, in accordance with their agreement with the plaintiff, but had caused the lands of George W. Wilson to be sold under said execution, in accordance with the advertisement of the sheriff of Sampson County.

At the close of the evidence for the plaintiff, the defendants moved for judgment as of nonsuit. The motion was allowed, and plaintiff duly excepted.

From judgment dismissing the action, in accordance with defendants' motion, the plaintiff appealed to the Supreme Court, assigning error in the judgment.

*J. D. Johnson, Jr., for plaintiff.*
*P. D. Herring and Richard L. Herring for defendants.*

CONNOR, J. This is an action for money had and received. Although an action at law, it is governed by equitable principles. The plaintiff in the action waives all torts, trespasses, and damages. The action may, in general, be maintained whenever the defendant has money in his hands which belongs to the plaintiff, and which in equity and good conscience he ought to pay to the plaintiff. 41 C. J., 28. The plaintiff is entitled to recover when it appears that the money in question belonged to the plaintiff and was secured by the defendant without the consent of the plaintiff, or if with his consent, without consideration. 41 C. J., 42.

The evidence for the plaintiff in the instant case tended to show that on 14 October, 1931, the plaintiff paid to the defendants the sum of $246.00, in performance of his agreement with the defendants on 5 October, 1931, which was subsequently modified only with respect to the amount which should be paid by the plaintiff to the defendants, in cash, and that the defendants, without the knowledge of the plaintiff, had failed to perform their agreement with the plaintiff, and that for this reason the plaintiff received no consideration for the sum of $246.00, which he paid to the defendants. If the jury had found the facts to be as the evidence for the plaintiff tended to show, the plaintiff is entitled to recover of the defendants the sum of $246.00, with interest from 14 October, 1931. There is error in the judgment dismissing the action as of nonsuit.

In *Tomlinson v. Bennett,* 145 N. C., 279, 59 S. E., 37, it is said : "The only cause of action stated in the complaint is for money had and received to plaintiff's use. If the plaintiff, in part performance of an executory contract, paid the money and delivered the horse, and, for any reason, for which he was not responsible, the contract was not executed, he would be entitled to recover the money upon an implied promise to repay it, and the value of the horse as for a conversion. The law will imply a promise to repay money received, when there is a total failure of the consideration upon which it was paid. It would be against good conscience and equity to retain it. This is the principle upon which the action is based."

Applying this principle to the facts which the evidence for the plaintiff tends to show, we reverse the judgment in this action and remand the action to the Superior Court of Sampson County for a new trial.

Reversed.