STATE OF NORTH CAROLINA, EX REL GLENN T. WEST, v. LEE H. INGLE, EARL J. BURCH, AND FIDELITY & DEPOSIT COMPANY OF MARYLAND, THEIR SURETY.

(Filed 3 February, 1967.)

1. **Pleadings § 15; Public Officers § 9—**

Where, in an action on the bonds of public officers or employees, the bonds are not attached to the complaint or included in the case on appeal, demurrer on the ground that the bonds were not public official bonds as contemplated by G.S. 109-34, but were solely for the protection of the governmental agency employing the officers or employees, should be overruled, since the demurrer relies on matters *de hors* the pleading and is therefore bad as a "speaking demurrer."

2. **Pleadings § 19; Public Officers § 9; Convicts and Prisoners § 3— Joint demurrer of defendants must be overruled if complaint states cause of action against any one of them.**

Plaintiff alleged that he was a prisoner assigned by the superintendent of prison farms to work, over his protest, on a garbage truck while plaintiff's arm was in a cast so that his capacity to hold on to the sides of the truck and protect his own safety was impaired, and that the driver of the truck drove same into a hole or depression, causing plaintiff to be thrown off the bed of the truck onto the ground, resulting in serious injury. *Held:* The complaint alleges a cause of action for negligence against the driver of the truck, and therefore the joint demurrer of the driver, the superintendent of prison farms, and the surety on their bonds should have been overruled.

APPEAL by plaintiff from *Armstrong, J.,* at 12 September, 1966 Civil Term of GUILFORD County Superior Court.

West was a prisoner assigned to work under the custody of the Superintendent of the prison farms of Guilford County (Ingle). On 6 July, 1965, he alleges he was required to work on a garbage truck being driven by Burch, that Burch negligently drove the truck into a hole and threw him to the ground, causing injury. He alleges further the Fidelity & Deposit Company of Maryland was surety on Ingle's and Burch's bond under G.S. 109-34, which made it liable for the latter's negligence.

He brings an action entitled *"State of North Carolina ex rel Glenn T. West".*

---

---

The defendants demurred on the grounds that the complaint does not state a cause of action in that the bonds are not public official bonds; that they are for the benefit of Guilford County only and that any forfeiture can only be rendered in favor of the County.

The demurrer was sustained and the plaintiff appealed.

*Hines & Dettor for plaintiff appellant.*
*Ralph A. Walker, Henri R. Mazzoli for defendants appellees.*

PLESS, J. Paragraph 3 of the complaint is as follows: "That on or about the 6th day of July, 1965, the plaintiff was a prisoner assigned to work under the custody and control of the superintendent of the prison farms of Guilford County at which time he had sustained a fracture of his left radius and had a cast on his left hand and forearm. That on the date aforesaid plaintiff, while under the supervision, custody and control of the defendant Ingle and his assistant, the defendant Burch, and over the plaintiff's protest, was required to work on a truck belonging to Guilford County and driven by the defendant Burch in the course of picking up garbage at the Greensboro-Guilford County Country Park which said garbage was in metal drums being handed up to the plaintiff on the bed of said truck where he was required to dump said barrels and return them to the prisoners on the ground; that while plaintiff was standing on the bed of said truck, which said bed was wet and slippery from water and garbage, said Burch drove the truck into a hole or depression, the plaintiff's feet slipped, he could not hold on on account of his left hand and forearm being in a cast and he was thrown off the bed of said truck onto the ground hitting the same on his head and neck and causing severe and permanent injuries on account thereof."

In paragraph 4 the plaintiff alleges that Ingle and Burch were negligent in compelling him to work with a cast on his arm on a slippery floor of a moving truck when he was unable to hold on safely, and that he had protested that he was unable to care for his own safety and, further, that Burch negligently drove the truck into a depression which caused it to tilt suddenly and threw the plaintiff head foremost against the ground causing severe injuries.

There can be no question that if the action were solely against the defendant Burch the plaintiff has stated a good cause of action based upon actionable negligence. That being true, the demurrer as to Burch should not have been sustained.

The three defendants filed a joint demurrer for that "the complaint does not state facts sufficient to constitute cause of action against the defendants in that the bonds which cover the defend-

ants Burch and Ingle are not public official bonds as contemplated by General Statutes 109-34. That the bonds which cover defendants, Burch and Ingle, protect and are for the benefit of Guilford County only, and any forfeiture under said bonds can only be rendered in favor of Guilford County." The ruling was that "The demurrer should be sustained; that the complaint of the plaintiff fails to state a cause of action".

The bond was not attached to the complaint or included in the case on appeal. The joint demurrer is therefore based upon matters not appearing in the record.

*Toomes v. Toomes*, 254 N.C. 624, 119 S.E. 2d 442, at page 626, says: "A demurrer lies only when the defect asserted as the ground of demurrer is apparent upon the face of the pleading attacked. (Citing authorities). A demurrer which requires reference to facts not appearing on the face of the pleading attacked is a 'speaking demurrer', and is bad. * * * If the matter *de hors* the pleading conflicts with the facts alleged, the court has no choice but to resolve the matter on the basis of the pleading. Extraneous matters may be considered only when the cause is heard on its merits."

3 Strong's North Carolina Index, Pleadings, § 15, page 631: "Where the grounds for demurrer invoke matters not appearing on the face of the complaint, the demurrer is bad as a 'speaking' demurrer, since matter *de hors* the pleading may not be considered in passing upon a demurrer."

The defendants could, of course, have filed separate demurrers which would have entitled each to a separate ruling. McIntosh Practice & Procedure, Demurrer, § 1195, page 655. But they filed a joint demurrer and thus became subject to the rule stated in McIntosh, *supra*. "If there are two or more defendants and they join in a demurrer, and the complaint is sufficient as to any one of them, the demurrer will be overruled as to all; 'they all placed themselves in the same boat, and must sink or swim together', 'a demurrer cannot be good in part and bad in part.' "

In *Paul v. Dixon*, 249 N.C. 621, 107 S.E. 2d 141, Chief Justice Winborne brought together a number of cases in which the foregoing rule was used. He said: "Where all the defendants join in a demurrer to the complaint upon the grounds that it does not set forth a good cause of action, the demurrer will be overruled if the complaint sets forth a good cause of action as to any one of the defendants * * * the current of authority is in favor of this just and salutary rule of pleading * * * a demurrer by two or more if there is a cause of action against any one of them will be overruled * * * the defendants having joined in the demurrer if the

complaint states a cause of action against either of them it must be· overruled."

Since the demurrer as to Burch should have been overruled, it follows that under the above ruling as to joint demurrers that it should have been overruled as to the other defendants also. We express no opinion as to the validity of separate demurrers if interposed by Ingle and the Fidelity Company, since under the conditions of this record those questions are not here presented.

Reversed.