COLLINS RIDLEY AND WIFE, JOYCE RIDLEY, v. JIM WALTER COR-
PORATION AND MID-STATE HOMES, INC.

(Filed 2 February, 1968.)

**1. Pleadings § 12—**

A motion to dismiss the complaint on the ground that it fails to state
a cause of action is equivalent to a demurrer.

**2. Pleadings § 19—**

Where both defendants join in a demurrer to the complaint upon the
ground that it fails to set forth a good cause of action, the demurrer will
be overruled if the complaint sets forth a good cause of action as to one
of the defendants.

**3. Bills and Notes § 10—**

One who acquires a note as a mere assignee, without the paying of
consideration therefor, is not a holder in due course. G.S. 25-3-306.

**4. Money Received—**

An action for money had and received may be maintained whenever the
defendant has money in his hands which belongs to the plaintiff and which
in equity and good conscience he ought to pay to the plaintiff.

**5. Same; Usury § 1—**

Allegations of a complaint to the effect that plaintiffs executed a note
secured by a deed of trust and payable in 72 monthly installments,
that upon default by plaintiffs some nine months after the execution of
the note the holder accelerated the monthly payments and received from
the foreclosure sale the entire balance due on the note, including the in-
terest which would have been payable for the remaining life of the note,
*held* sufficient to state a cause of action for money had and received to
recover the excess paid as interest for the remaining life of the note.

APPEAL by plaintiffs from *Latham, S.J.,* at the 27 February 1967
Session of RANDOLPH.

The plaintiffs appeal from an order dismissing their complaint
for the reason that it fails to state a cause of action. Prior to the
entry of this order, Brock, S.J., had entered an order striking por-
tions of the complaint, to which order the plaintiffs excepted. The
order of Brock, S.J., allowed the plaintiffs 20 days from the entry
thereof in which to amend their complaint, which time was subse-
quently extended by a consent order entered by the clerk. The time,
so extended, had expired prior to the entry of the order by Latham,
S.J., dismissing the complaint and no amendment to the complaint
had been filed.

The material allegations of the complaint, summarized except as
otherwise indicated, the portions stricken by the order of Brock, S.J.,
being in parentheses and the numbering being that of the complaint,
are:

4. In August 1960 the plaintiffs negotiated with agents of Jim Walter Corporation for the construction of one of its shell homes on the plaintiffs' land. ("The plaintiffs and the defendant Jim Walter Corporation, by its agent, agreed that the [home] be built on plaintiffs' land by the defendant Jim Walter Corporation and that the plaintiffs would pay the sum of Two Thousand Eight Hundred Ninety-five ($2,895.00) Dollars for the building of said home.")

5. On 24 August 1960 the plaintiffs executed their note payable to the order of Jim Walter Corporation in the amount of $4,449.60, payable in 72 monthly installments of $61.80 each, the first payment to become due on 5 January 1961. (The face amount of the note "included the purchase price agreed to be paid for the house * * * with interest at 6% for a period of approximately six years.")

6. To secure the payment of the note, the plaintiffs executed a deed of trust on their two lots, which was duly recorded.

7. On 23 September 1960, Jim Walter Corporation "purportedly assigned to defendant Mid-State Homes, Inc. the note signed by the plaintiffs and the deed of trust signed by the plaintiffs * * *; that the plaintiffs are informed and believe and upon information and belief, allege that there was no consideration given for the purported assignment and that the defendant Mid-State Homes, Inc. knew at the time of the purported assignment that the note signed by the plaintiffs included interest for a period of six years; and that the defendant Mid-State Homes, Inc. is not a holder in due course of the note signed by the plaintiffs."

8. The plaintiffs defaulted in the monthly payments and the trustee foreclosed the deed of trust, the foreclosure sale being held on 9 June 1961. "[T]he land sold for the sum of Four Thousand Five Hundred, Forty-nine and 60/100 ($4,549.60) Dollars to the defendant Mid-State Homes, Inc. After deducting the cost of conducting the sale, the sum of Four Thousand Four Hundred Thirty-one and 80/100 ($4,431.80) Dollars was paid over to the defendant Mid-State Homes, Inc."

(9. "At the time of the foreclosure * * * the plaintiffs owed the defendant Jim Walter Corporation and the defendant Mid-State Homes, Inc. a sum not greater than Two Thousand Eight Hundred Ninety-five ($2,895.00) Dollars, the cost of building the house on their land plus interest at the highest lawful North

Carolina rate of 6% for nine months and fifteen days or One Hundred Fifty-four and 96/100 ($154.96) Dollars or a total of Three Thousand Forty-nine and 96/100 ($3,049.96) Dollars on the note. That the difference between the amount owed to the defendant Jim Walter Corporation and the defendant Mid-State Homes, Inc. and the amount that was actually paid to one of said corporations by the substituted trustee was One Thousand Three Hundred Eighty-one and 84/100 ($1,381.84) Dollars. That this surplus should have been paid to the plaintiffs; that the plaintiffs have demanded this sum from the defendant Jim Walter Corporation and the said defendant has failed and refused to pay the same.")

("WHEREFORE, the plaintiffs pray that they have and recover of the defendants, jointly and severally, the sum of One Thousand Three Hundred Eighty-one and 84/100 ($1,381.84) Dollars with interest thereon from the 4th day of August, 1961, for the cost of this action to be taxed against the defendants and for such other and further relief they may be entitled to in the premises.")

*Ottway Burton for plaintiff appellants.*
*J. Patrick Adams for defendant appellees.*

LAKE, J.  The remnant of the complaint remaining after the order of Brock, S.J., obviously states no cause of action against either defendant. Consequently, there was no error in the order of Latham, S.J., considered without reference to the allegations stricken by the former order of Brock, S.J. The motion to dismiss the complaint on the ground that it states no cause of action, which was allowed by the order of Latham, S.J., is equivalent to a demurrer. See McIntosh, North Carolina Practice and Procedure, 2d Ed., §§ 1194, 1195.

The question then arises as to whether there was error in the order of Brock, S.J., striking allegations from the complaint. The ground of that order, as shown in the motion to strike, was that these allegations were irrelevant and immaterial, being in contradiction to the terms of the written note and deed of trust to which the complaint refers. If, with these provisions included, the complaint would still be demurrable for its failure to state a cause of action against either of the defendants, the striking of them would, at the most, be harmless error. We, therefore, turn to the sufficiency of the complaint with the stricken allegations restored.

The complaint, including the stricken allegations, alleges no cause of action against Jim Walter Corporation. It does not allege any breach by it of the contract to build the specified home on the lot of the plaintiffs. It alleges no mistake or wrongdoing in the preparation of the note or computation of the amount thereof. It alleges no action by Jim Walter Corporation after the alleged assignment by it of the note to Mid-State Homes, Inc. It alleges no receipt by Jim Walter Corporation of any part of the proceeds of the foreclosure sale. It alleges no relationship between the two corporate defendants except that of assignor and assignee of the plaintiffs' note. Therefore, if this were an action against Jim Walter Corporation alone, the complaint, including the stricken allegations, would not state a cause of action and would be demurrable. However, the defendants saw fit to file a joint demurrer. Having done so, the defendants must stand or fall together, and if the complaint states a cause of action against one of them, the joint demurrer should be overruled as to both defendants. *West v. Ingle,* 269 N.C. 447, 152 S.E. 2d 476; *Paul v. Dixon,* 249 N.C. 621, 107 S.E. 2d 141; *Conant v. Barnard,* 103 N.C. 315, 9 S.E. 575; McIntosh, North Carolina Practice and Procedure, 2d Ed., § 1195.

The complaint, with the stricken portions restored, alleges that the note for $4,449.60 included the principal indebtedness of $2,895 and interest at the maximum rate of 6% for six years. It obviously includes more than these items, but in the absence of any allegation to the contrary in the complaint, we must assume that other charges included were not unlawful. Since the complaint alleges that Mid-State Homes, Inc., was a mere assignee as distinguished from an endorsee of the note, that it paid no consideration for the note and that it knew at the time of the assignment that the face amount included interest for six years, Mid-State Homes, Inc., would have no greater right against the plaintiffs on the note than the payee, Jim Walter Corporation, would have had. The Negotiable Instruments Law, in effect at the time of this transaction, so provided in G.S. 25-64, such transferee not being a holder in due course as defined in that Act, G.S. 25-58. Although the Negotiable Instruments Law has now been superseded by the Uniform Commercial Code, there has been no change in the law in this respect. See G.S. 25-3-306.

The complaint, with the stricken portions restored, alleges that, at the time of the foreclosure sale, the total due and owing from the plaintiffs to the defendant Mid-State Homes, Inc., did not exceed $3,049.96; from the proceeds of the foreclosure sale, after deducting the costs of the sale, the trustee paid over to Mid-State Homes, Inc., $4,431.80, and the difference, $1,381.84, should have been paid to the

plaintiffs. The prayer for relief is that the plaintiffs recover this alleged excess from the defendants.

G.S. 45-21.31 prescribes the application to be made of the proceeds of a foreclosure sale. After the payment to the holder of the entire amount due upon the note, or other indebtedness, secured by the deed of trust, the trustee must pay over the balance of the proceeds either to the clerk, as provided in G.S. 45-21.31, or to the owner of the equity of redemption. *Skinner v. Coward,* 197 N.C. 466, 149 S.E. 682. The payment by the trustee of such surplus of the proceeds to a person not entitled thereto results in the unjust enrichment of that person at the expense of the owner of the equity of redemption.

An action for money had and received to the use of the plaintiff may be maintained "whenever the defendant has money in his hands which belongs to the plaintiff, and which in equity and good conscience he ought to pay to the plaintiff." *Wilson v. Lee,* 211 N.C. 434, 190 S.E. 742. As Johnson, J., speaking for this Court in *Allgood v. Trust Co.,* 242 N.C. 506, 88 S.E. 2d 825, said:

> "Recovery is allowable upon the equitable principle that a person should not be permitted to enrich himself unjustly at the expense of another. Therefore, the crucial question in an action of this kind is, to which party does the money, in equity and good conscience, belong? The right of recovery does not presuppose a wrong by the person who received the money, and the presence of actual fraud is not essential to the right of recovery. The test is not whether the defendant acquired the money honestly and in good faith, but rather, has he the right to retain it. In short, 'the gist of this kind of action is, that the defendant, upon the circumstances of the case, is obliged by the test of natural justice and equity to refund the money.' *Moses v. MacFerlan,* 2 Burrow 1005, 97 Eng. Reprints 676."

It is aparent upon the face of the complaint that the plaintiffs made no payment whatever upon their note and, the amount paid over by the trustee to Mid-State Homes, Inc., after deducting the costs of the foreclosure sale, was less than the face amount of the note. The plaintiff alleges it was more than was actually due thereon.

There is no allegation in the complaint that the note was not the valid obligation of the plaintiffs when made and delivered to Jim Walter Corporation, or that the full amount would not have been justly due to and collectible by the holder of the note if it had run its full expected life of 72 months. The theory of the complaint is that, upon default by the plaintiffs, the holder of the note, then Mid-State Homes, Inc., accelerated monthly installments not then due

and declared the entire balance due and owing upon the note immediately payable and, therefore, was not entitled to receive interest for the full originally expected life of the note.

The question is whether, when the holder of such a note lawfully accelerates its maturity, he is entitled to require payment to him of the agreed interest for the entire original period of the note, or is entitled only to the principal with interest to the date of payment, which in this case would be the date of the payment by the trustee of the proceeds of the foreclosure sale over to Mid-State Homes, Inc. This question was decided in *Moore v. Cameron,* 93 N.C. 51. There, separate bonds were given for the principal and for yearly installments of interest, the bond for the principal providing for its acceleration in event of default in the payment of any bond for interest. Such default occurred. The deed of trust securing the bonds was foreclosed and the property was purchased at the trustee's sale by the holder of the bonds for an amount in excess of the principal plus interest to the date of the distribution of the proceeds by the trustee, but not in excess of the principal plus interest for the total original period of the bonds. The holder of the equity of redemption sued for that portion of the proceeds paid over to the holder of the bonds which was in excess of the principal plus interest to the date of distribution by the trustee. This Court affirmed a judgment for the plaintiff, saying through Smith, C.J.:

"The manifest and predominant purpose of both in making the loan was to provide ample security for the return of the money and the punctual payment of the successive installments of interest during the term of credit; and to this end the debtor's default is made a condition of its continuance at the option of the lender. The smaller bonds were executed not to create new obligations, but to put the interest in the form of an independent security, capable of transfer and separate enforcement by action. The relations of the one to the other are declared upon the face of each, and those for interest are intended to be of the nature and effect of coupons severed from the principal obligation. They represent and are meant to represent, as do proper coupons, the accruing interest as incident to the loan, and where a full payment is made of this, and its interest-bearing capacity is extinguished, there can be no interest as there can be no further forbearance of which it is the measure of value. Now can the form in which the obligation to pay interest is put be allowed the effect of making the debtor pay interest, when as such none does or can accrue?

\* \* \*

"The defendants' contention permits the enforcement of a contract for a much larger rate of interest than the law allows for the loan of money, since the interest for a period of a little short of five years would be taken for the forbearance for less than one-half of that interval."

As Smith, C.J., there remarked, "It can make no difference in what form the obligations to pay interest is expressed."

In an annotation entitled "Usury as Affected by Acceleration Clause," it is said in 84 A.L.R. 1283:

"By the great weight of authority, it is held that the inclusion, in a contract to repay money, of a provision that, on default in the payment of the interest, or an installment of the principal, the entire indebtedness, including interest for the whole term or interest to the date of default, shall become due, does not constitute usury though the amount of such interest will exceed the legal rate. *The excess interest, however, is penal, and can neither be collected nor retained.*" (Emphasis added.)

In *Bakeries v. Insurance Co.*, 245 N.C. 408, 96 S.E. 2d 408, in which a different question was involved, Rodman, J., speaking for this Court, said:

"Had defendant [the holder of bonds] in January declared a default and demanded payment, it would only have been entitled to collect the debt and interest accrued thereon to the date of payment. Such is the holding in *Kilpatrick v. Germania Life Ins. Co.*, 75 N.E. 1124; *Union Cen. Life Ins. Co. v. Erwin*, 145 P. 1125, and *Steffen v. Refrigeration Discount Corporation*, 205 P. 2d 727, cited and relied upon by plaintiff. These decisions conform to our own holding in *Moore v. Cameron*, 93 N.C. 51."

Also in accord with the rule so established in this jurisdiction in *Moore v. Cameron, supra,* see: *Mid-State Homes, Inc., v. Knight*, 237 Ark. 802, 376 S.W. 2d 556; *Garland v. Union Trust Co.*, 63 Okl. 243, 165 P. 197, 203.

The holder of the note, having elected to exercise its option to accelerate the maturity of future installments and to foreclose the deed of trust, thereby receiving the payment in full of the principal, was not entitled to receive also interest for what otherwise would have been the remaining life of the loan. Thus, the complaint alleges that Mid-State Homes, Inc., received a larger amount from the proceeds of the foreclosure sale than it was entitled to receive and that this excess belonged to and should have been paid over to the plaintiffs. The complaint, therefore, states a cause of action for

money had and received which in equity and good conscience belongs to the plaintiffs.

This is not a violation of the Parol Evidence Rule, relied upon by the defendants. The allegations of the complaint, and the evidence offered in support thereof, do not contradict the terms of the written instrument. They merely go to the question of what amount was due and owing to the holder of the note thereon at the time of the distribution by the trustee of the proceeds of the foreclosure sale. The allegations stricken from the complaint by the order of Brock, S.J., were obviously relevant to the cause of action so set forth in the complaint and it was error to strike them.

The judgment of Latham, S.J., dismissing the complaint is reversed and the order of Brock, S.J., striking portions of the complaint is reversed and vacated. The cause is remanded to the Superior Court of Randolph County for such further proceedings as may be proper after the filing of the defendants' further pleadings, or the expiration of the time allowed by law therefor.

Reversed and remanded.